Greenwald Appeal.

Argued October 6, 1966. Before BELL, C. J., MUS-MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Thomas E. Whitten,* for appellants.

*Milton W. Lamproplos,* with him *Eckert, Seamans & Cherin,* for appellee.

OPINION BY MR. JUSTICE O'BRIEN, March 14, 1967:
Equitable Gas Company condemned a right-of-way for a gas pipeline over property owned by appellants,

John A. Greenwald and Edith M. Greenwald. After a proper resolution and a tendering and acceptance of bond, the line was constructed. The appellants and Equitable were unable to agree on the amount of the damages and appellants, therefore, filed a petition for the appointment of viewers. The viewers' report was filed on July 1, 1964, and appellants filed an appeal from the report of the board of viewers on July 23, 1964.

Equitable filed a petition to quash the appeal, contending that §10 of the Natural Gas Companies Act of May 29, 1885, P. L. 29, 15 P.S. §2034, limited the time for filing an appeal from the viewers' report to 20 days. The court below agreed with Equitable's contention and quashed the appeal. This appeal followed.

We are concerned here with the very narrow legal question of whether the time allowed for appealing the decision of the viewers is limited to 20 days by the aforementioned section of the Natural Gas Companies Act of 1885, or to 30 days, by Article V, §515 of the Eminent Domain Code of 1964, 26 P.S. §1-515. The latter section provides that "Any party aggrieved by the decision of the viewers may appeal to the court of common pleas within 30 days from the filing of their report." The Natural Gas Companies Act provides that "Either party may appeal from the report of the viewers within 20 days after the filing thereof to the court of common pleas . . .".

The two quoted provisions of the statutes are obviously at odds, and we must determine which provision governs the instant appeal. In this determination, we must look to Article IX of the Eminent Domain Code. Section 901, 26 P.S. §1-901, is a saving clause which, in its pertinent part, provides, with reference to the Eminent Domain Code, "Nor, except as to the measure of damages prescribed by Article VI hereof, shall it repeal, modify or supplant any law insofar as

*it confers the authority or prescribes the procedure for condemnation* of rights-of-way or easements for occupation by water, electric, gas, oil and/or petroleum products, telephone or telegraph lines used directly or indirectly in furnishing service to the public." (Emphasis supplied) Section 902, 26 P.S. §1-902, repeals specifically a number of Acts of the General Assembly, but the Natural Gas Companies Act of 1885 is not included among the statutes specifically repealed. Section 903, 26 P.S. §1-903, is a general repealer and provides that "All other acts and *parts of acts inconsistent with the provisions of this act* are hereby **repealed.**" (Emphasis supplied)

The pertinent provisions of the Natural Gas Companies Act are contained in §10 of that Act, 15 P.S. §2031 et seq. 15 P.S. §2031 grants the right of Eminent Domain for pipelines, for the distribution of gas, to gas companies. 15 P.S. §2032 provides for burial of the pipes in certain situations. 15 P.S. §2033 provides that the Company and the condemnee shall attempt to agree on damages and for the tender of a bond in the event of a failure to agree. That section further provides for the presentation of a bond to the court of common pleas where the owner refuses to accept the bond. The section concludes: "Upon the approval of the bond and its being filed, *the right of the corporation to enter upon the enjoyment of its easement shall be complete.*" (Emphasis supplied) 15 P.S. §2034 provides for the appointment of viewers upon petition of either the condemnor or the condemnee and for an appeal from the viewers' report within 20 days after its filing.

Appellants contend that §901 of the Eminent Domain Code saves only those portions of the Natural Gas Companies Act concerning the right of condemnation and the procedure for condemnation. They argue that the fixing of damages is not part of the procedure

for condemnation, and that §903 of the Eminent Domain Code, therefore, repeals the section of the Natural Gas Companies Act dealing with determination of damages insofar as the appeal times are inconsistent.

The court below rebutted appellants' contention in the following language: "The language of §901, in our opinion, is clear and plain and is not susceptible of the construction plaintiffs would have us place upon it. The section clearly excepts from the Code, other than for the measure of damages prescribed by Article VI of the Code, any and all laws which confer the authority or prescribe the procedure for condemnation of rights-of-way or easements for gas and other utility lines used to furnish service to the public. If the Legislature had intended a broader meaning for §901 of the Code, there would have been no necessity for employing the language quoted above. It would have been clear and sufficient in such event to state that this act (Eminent Domain Code of 1964) 'except as to the procedure to condemn prescribed in Article IV hereof, shall repeal, modify and supplant any law for condemnation of rights-of-way or easements for occupation' by gas and other utility lines used directly or indirectly in furnishing service to the public." We disagree.

We conclude that the procedure for condemnation and the procedure for determining damages are separate and distinct, and that the language of §901 saved the Natural Gas Companies Act only with respect to the power to condemn and the procedure for condemnation. Under the Natural Gas Companies Act, the utility involved is required to follow a very simple procedure in the condemnation of a right-of-way. This procedure may be simply summarized as requiring only a resolution of the board of directors of the utility, a survey, a discussion with the condemnee in an attempt to agree on damages, and the filing of a bond and entry. Contrasted to this, is the procedure to condemn

provided by the Eminent Domain Code. This procedure is contained in Article IV of the Code, 26 P.S. §1-401 et seq. There, a much more rigorous procedure is required of the condemnor. We hold that the Legislature intended to preserve the simpler method for the utilities enumerated in the Natural Gas Companies Act.

Our conclusion is buttressed by the fact that the Eminent Domain Code contains a wholly separate article, Article V, which is the procedure for determining damages, 26 P.S. §1-501 et seq. If the procedure for determining damages were part and parcel of the procedure for condemnation, as appellee contends, there would have been no need for the General Assembly to set these procedures out separately in distinct Articles of the Eminent Domain Code.

We therefore conclude that §901 of the Eminent Domain Code does not save the provisions for the determination of damages contained in the Natural Gas Companies Act, and that since the 20 day appeal time contained in the Natural Gas Companies Act is inconsistent with the 30 day period contained in the Eminent Domain Code, that part of the Natural Gas Companies Act is repealed by §903 of the Eminent Domain Code.

The judgment of the court below is reversed, and the record is remanded with instructions to reinstate the appeal.

Mr. Justice EAGEN dissents.