## McConnell Appeal.

Argued January 18, 1967.   Before BELL, C. J., MUS-
MANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS,
JJ.

*Fred T. Cadmus, III,* with him *John E. Good* and
*Miles Warner,* for appellants.

*Robert S. Gawthrop, Jr.,* with him *Gawthrop &
Greenwood,* for appellee.

OPINION BY MR. JUSTICE COHEN, January 3, 1968:

On September 19, 1966, appellee, a natural gas com-
pany, presented to the court below four petitions which
sought approval of condemnation bonds in unlimited
amounts with approved surety, in connection with the
condemnation of easements across the land of four
property owners (appellants herein).   Each appellant
filed exceptions to the petition alleging, *inter alia,* that
the taking was unreasonable, arbitrary and capricious,
and otherwise challenging appellee's right to condemn
the property.   On September 23, 1966 the court below
entered an order approving the bond.   From that or-
der appellants have appealed.

Appellee has filed motions to quash the appeals on
the ground that the order appealed from was inter-

locutory. Indeed, in *Seligsohn Appeal,* 410 Pa. 270, 189 A. 2d 746 (1963), this Court held that an order or decree approving a condemnation bond is purely interlocutory and not appealable. That is so where, as we stated in *Seligsohn,* "the entire thrust of appellant's argument . . . is directed to the *inadequacy* and *insufficiency* of the . . . bond . . ." 410 Pa. at 281, 189 A. 2d 752 (Emphasis in original). But in the present matter, appellants do not question the adequacy of the bond. Rather, they have challenged appellee's **right** to condemn their property. Accordingly, appellee's motion to quash must be dismissed.

In its petition for approval of the bond, appellee averred that it was authorized to exercise the right of eminent domain by reason of the natural gas companies Act, Act of May 29, 1885, P. L. 29, §10, 15 P.S. §3549. That Act, which grants to natural gas companies the right of eminent domain, does not provide a procedure whereby a natural gas company's purported condemnation may be challenged.[1] Despite the fact that the Act of 1885 does not provide a method for testing the power of a natural gas company to condemn private property, courts of equity have been available to attack the lawfulness and propriety of condemnation proceedings. Snitzer, Pennsylvania Eminent Domain, §406-1. Otherwise, the Act would **be** unconstitutional for failing to provide a procedure by which a property owner may challenge the taking of his land.

---

[1] In contrast, the statutes authorizing condemnation by electric companies (Act of May 8, 1889, P. L. 136, §4, added May 21, 1921, P. L. 1057, §1, 15 P.S. §3272) and telephone and telegraph companies (Act of June 5, 1947, P. L. 424, §1, 15 P.S. §3304), expressly provide for public hearing before the Public Utility Commission on the question of the necessity or propriety of the condemnation prior to the exercise of the power.

Heretofore, equity has served to deter natural gas companies from abusing their power of eminent domain and to protect the constitutional rights of condemnees, but with the enactment of the Eminent Domain Code of 1964, there is no longer any need for equity to perform these functions. Section 406 provides that within thirty days after service of the notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. These preliminary objections are made the exclusive method of challenging, *inter alia,* the power of the condemnor to appropriate the condemned property. In *Valley Forge Golf Club v. Upper Merion Township,* 422 Pa. 227, 221 A. 2d 292 (1966), we indicated that the Code had completely displaced the courts of equity as the forum for condemnation matters and observed that the procedural safeguards of the Code were as effective as those of a court of equity. Accordingly, appellants should properly have filed preliminary objections to appellee's petitions asking approval of the condemnation bonds, which petition should be regarded as the declaration of taking. In *Greenwald Appeal,* 424 Pa. 318, 227 A. 2d 166 (1967), we held that §901 of the Code preserved the natural gas companies Act, supra, only with respect to the power to condemn and the simpler procedure for condemnation. We further held in *Greenwald* that in a case involving a condemnation pursuant to the Act of 1885, the timeliness of an appeal from the report of a board of viewers is determined by the Code (30 days) rather than by the Act of 1885 (20 days). Likewise, we now hold that the procedural safeguards set forth in the Eminent Domain Code of 1964 are available to a property owner whose land has been condemned under the Act of 1885 and who no longer, by reason of our pronouncements, has recourse to a court of equity for protection of his constitutional rights.

274

Order vacated, with leave to appellants to file preliminary objections within 30 days of the date of filing of this opinion.

DISSENTING OPINION BY MR. JUSTICE ROBERTS:

I cannot agree with the majority's conclusion that the procedure for contesting the validity of this taking is governed by the Eminent Domain Code of 1964. Section 901 of that code declares: "This act shall not . . . repeal, modify or supplant any law insofar as it confers the authority or *prescribes the procedure for condemnation* of rights-of-way or *easements* for occupation by water, electric, *gas,* oil and/or petroleum products, telephone or telegraph lines used directly or indirectly in furnishing service to the public. If the condemnation for occupation by water, electric, gas, oil and/or petroleum products, telephone or telegraph lines consists of the taking of a fee, all the provisions of this act shall be applicable." Act of June 22, 1964, P. L. 84, §901, 26 P.S. §1-901 (Supp. 1966). (Emphasis supplied.) This section is a clear and unmistakable legislative command that, when certain public utilities condemn less than a fee, the procedure to be followed is not changed by the Eminent Domain Code of 1964, but rather is the same as that which obtained prior to passage of the code. See Snitzer, Pennsylvania Eminent Domain §406-2.3, at 157 (1965). In the instant case appellee natural gas company sought easements and therefore appellant should have proceeded under the Act of May 29, 1885, P. L. 29, §10, as amended, 15 P.S. §2031 et seq., detailing the procedure to be followed in situations where a gas company seeks to condemn an easement.

Neither *Valley Forge Golf Club v. Upper Merion Township,* 422 Pa. 227, 221 A. 2d 292 (1966) nor *Greenwald Appeal,* 424 Pa. 318, 227 A. 2d 166 (1967) support the majority's conclusion that the Eminent

Domain Code displaces the pre-existing procedure for challenging the propriety of a gas company's condemnation of an easement. *Valley Forge* held merely that the Eminent Domain Code rather than equity was the proper route to attack condemnation of a *fee* by a *township,* and thus does not control where *less than a fee* is taken by a *gas* company. In *Greenwald,* a case which did involve condemnation of less than a fee by a gas company, we carefully distinguished between the procedure for condemnation and the procedure for determining damages, holding that only the latter was supplanted by the Eminent Domain Code. I think it clear that the proper route for objection to the *validity* of the taking should be classified as part of the condemnation procedure not the determination of damages and thus the procedure antedating the code should apply.

I dissent.

Mr. Chief Justice BELL and Mr. Justice EAGEN join in this dissenting opinion.