## Stitt et ux., Appellants, *v.* Manufacturers Light and Heat Company.

Argued October 4, 1968. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Joseph M. Stanichak,* with him *W. N. Dinsmore,* for appellants.

*Joseph M. Noel* and *J. David Ray,* with them *Ray and Ray,* for appellee.

OPINION BY MR. JUSTICE COHEN, November 27, 1968:

Manufacturers Light and Heat Company (appellee) appropriated a 50 foot wide easement to construct a 10 inch pipeline for transportation of natural gas. This pipeline was to replace an existing 8 inch line already in use on another easement through a different part of

appellants' property. Appellee filed bond for the taking on July 20, 1967. Appellants filed a complaint in equity September 7, 1967 requesting a preliminary injunction restraining appellee from appropriating this additional 50 foot corridor. Hearings were held and the Common Pleas Court of Beaver County, sitting in Equity, denied the injunction from which one of the present appeals is taken.

Appellants fail to point out the lack of any reasonable grounds for the action of the court below and do not demonstrate that the rules relied on were palpably wrong or clearly inapplicable. Without this showing we cannot say that there has been an abuse of discretion and we must affirm.

On January 24, 1968, appellants filed a petition requesting that appellee file a declaration of taking in conformity with the procedural steps in the Eminent Domain Act of 1964, June 22, P. L. 84, §402, 26 P.S. §1-402 as outlined in *McConnell Appeal*, 428 Pa. 270, 236 A. 2d 796 (1968). The second appeal in this case is taken from the denial of that petition. Unfortunately for appellants, they come too late to take advantage of that procedure, since more than thirty days had elapsed since they were served with notice of condemnation.

Decree and order affirmed at appellants' cost.

Mr. Justice MUSMANNO took no part in the consideration or decision of this case.