Game Commission *v.* C. Hilliard.
Game Commission *v.* P. Hilliard.
Game Commission *v.* Bookser, et ux.

Argued October 20, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS.

*Lee C. McCandless,* with him *Frank P. Krizner* and *McCandless, Chew & Krizner,* for appellants.

*Robert J. Stock,* Special Counsel, with him *Raymond C. Miller,* Deputy Attorney General, *Benjamin*

*B. Solomon,* Assistant Attorney General, and *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE WILKINSON, December 9, 1971:

The history of the litigation of these companion cases began on September 5, 1967, with the filing of a Declaration of Taking in the Court of Common Pleas. This was followed promptly by the filing of Preliminary Objections raising several points. An Answer was filed to the Preliminary Objections, argument had, and the court filed an Opinion and Order on February 14, 1968. The court discussed several of the points raised in the Preliminary Objections, indicating they were without merit, and entered an Order dismissing several, sustaining one, but notably failing to discuss or expressly rule upon the objection that stated: "The Declaration fails to show the standards for acquisition under Project 70 Land Acquisition and Borrowing Act have been complied with (72 P.S. 3946.18)". Record at 26a. The answer to this Preliminary Objection was in the alternative, denying that it was necessary to allege compliance and stating that compliance had been alleged.

An Amended Complaint was filed to comply with the court's Order allowing the Amended Complaint to correct the one Preliminary Objection which it had sustained, i.e., requiring the declaration of taking to be changed to a taking in fee rather than merely taking the surface. Appellants filed Preliminary Objections to the Amended Complaint. These Preliminary Objections raised the question of the propriety of the taking as not being within the spirit, intent or purpose of Project 70, was arbitrary and unreasonable, not in the public interest, and violative of appellants' constitutional rights. The Commonwealth filed Preliminary Objections to the Preliminary Objections on the grounds

that Preliminary Objections to the Amended Complaint must be limited to those new matters introduced into the case by the amendment. Argument was had with appellants pressing their rights to file the Preliminary Objections because the Amended Complaint was in fact a new complaint and because these Preliminary Objections had been filed to the original complaint and were undisposed of by the court's Opinion or Order. The court ruled that the Amended Complaint was just that and not a new complaint and that Section 406(c) of the Eminent Domain Code, Act of June 22, 1964, P. L. 84, Special Session, as amended, 26 P.S. §1-406, precluded raising Preliminary Objections that could have or had been raised to the original complaint. This decision was confirmed by the Supreme Court of Pennsylvania with a Per Curiam Opinion merely stating, "Order affirmed". *See Commonwealth v. Hilliard et al.*, 433 Pa. 599, 249 A. 2d 536 (1969).[1] Therefore, while neither appellants nor this Court can know the reasoning on which the Supreme Court sustained the lower court's ruling that it was too late to raise the issue of the propriety of the taking, at least it is quite clear that that was its decision and, therefore, it is res judicata between the parties in this case.

Following the Supreme Court's decision, viewers were appointed, made an award, and appellant appealed

---

[1] Appellants' paper book in the appeal to the Supreme Court contained the following statement of "Question Involved": "In an eminent domain case where the Court below sustained one of the Preliminary Objections without ruling on the others and dismissed the Declaration of Taking unless an amendment was filed thereto, which was done, and to which amendment Preliminary Objections were filed reiterating the Preliminary Objections previously filed but not ruled upon by the Court, did the Court err in dismissing the Preliminary Objections because the Eminent Domain Code required all Objections to be filed at one time? Answered in the negative by the Court below."

to the Court of Common Pleas. During the time the matter was before the Board of View, apparently recognizing the finality of the Pennsylvania Supreme Court's ruling, absent an allowance of an appeal to the Supreme Court of the United States, appellant instituted an action in the U. S. District Court for the Western District of Pennsylvania to enjoin the appellee from proceeding until the propriety of the taking had been determined. After an exhaustive discussion of the facts, the District Court concluded that the decision of the Supreme Court of Pennsylvania was res judicata. *Hilliard v. Commonwealth of Pennsylvania*, 308 F. Supp. 756 (D.C.W.D. Pa. 1970). Having been denied relief by the Federal Courts, appellant pursued the appeal from the Board of View, petitioning the Court of Common Pleas to have a jury determine not only the propriety of the amount of the award, but also for the jury to determine, preliminarily, the propriety of the taking. Appellee sought a Rule To Show Cause why a Writ of Possession should not issue. The court considered these two matters together, granted the Writ of Possession, and dismissed the petition of appellant to present testimony on the propriety of the taking. From this Order, the present appeal was taken.

We believe it would be accurate to say that in every case in which res judicata is a bar, one litigant is asserting that the issue he raises either was not decided or was not decided properly in prior litigation between the contesting parties. Appellant can, and does, argue that his original Preliminary Objection as to propriety was not decided by the lower court in its first decision and was improperly decided as being too late by the lower court in its second opinion. He cannot successfully argue that it was not decided by the Pennsylvania Supreme Court when he appealed that case and the lower court was affirmed. That decision did foreclose

the possibility of appellants challenging the propriety and constitutionality of the taking in any subsequent proceedings taken under the Eminent Domain Code.

Appellants find it difficult to accept what appears to them to be an unjust decision, or indeed the absence of a decision on an important point, and it is a compliment to the tenacity and ingenuity of their able counsel that he has been able to continue to raise the question, albeit unsuccessfully.

Accordingly, the matter having been decided by the Supreme Court in *Commonwealth v. Hilliard et al., supra,* the decision of the court below is affirmed.

---

DISSENTING OPINION BY JUDGE MENCER:

I respectfully dissent. On September 5, 1967, the Pennsylvania Game Commission filed a declaration of taking under the Eminent Domain Code of 1964,[1] describing as the interest taken the surface rights only to appellants' three adjacent tracts of land located in Washington Township, Butler County, Pennsylvania. Appellants, as condemnees, thereupon filed, in the Court of Common Pleas of Butler County, preliminary objections to the declaration of taking. One objection challenged the authority of the condemnor to acquire the land because of an alleged failure to comply with the standards for acquisition under the Project 70 Land Acquisition and Borrowing Act.[2]

Article IV of the Eminent Domain Code[3] deals with the procedure to condemn. Section 406 thereof provides that preliminary objections shall be the exclusive method of challenging the power or the right to condemn, or the declaration of taking, and Section 406(e), 26 P.S. §1-406, specifically provides that "[t]he court [of common pleas] shall determine promptly all pre-

---

[1] Act of June 22, 1964, P. L. 84, 26 P.S. §1-101 et seq.

[2] Act of June 22, 1964, P. L. 131, No. 8, 72 P.S. §3946.1 et seq.

[3] Act of June 22, 1964, P. L. 84, 26 P.S. §§1-401 to 1-410.

liminary objections and make such preliminary and final orders and decrees as justice shall require . . .".

My dissent is simple but basic. The Court of Common Pleas of Butler County, contrary to the mandate of Section 406(e), has never determined, promptly or otherwise, the preliminary objection most vital to the proceeding, an objection which challenged the power or right of the condemnor to appropriate the property.

The declaration of taking in the present cases stated that the power to condemn was by virtue of the provisions of the Project 70 Land Acquisition and Borrowing Act. This Act laid down certain requirements under which land could be acquired. No. 6 of the preliminary objections filed to the initial declaration of taking challenged the condemnor's compliance with these requirements. As yet, no court has ruled upon this all important objection. The majority states that "[a]ppellants find it difficult to accept what appears to them to be an unjust decision, or indeed the absence of a decision on an important point, and it is a compliment to the tenacity and ingenuity of their able counsel that he has been able to continue to raise the question, albeit unsuccessfully". I, likewise, find it difficult to accept the absence of a decision on such an important point as the power or right of the condemnor to appropriate the condemnee's property. This is the most basic question that could be raised in this proceeding and yet it never has been passed upon by any court.

The majority concludes that the propriety of the taking here was settled by *Commonwealth v. Hilliard,* 433 Pa. 599, 249 A. 2d 536 (1969). The Per Curiam Opinion of the Supreme Court merely stated, "Order affirmed". What order and what did it rule upon? The answer is that it was the lower court's order of April 30, 1968, which was as follows: "And Now, April

30, 1968, the preliminary objections to the amended declaration of taking filed April 4, 1968 and the preliminary objections *nunc pro tunc* filed April 17, 1968 are dismissed. Such being the case the preliminary objections to the preliminary objections filed April 17, 1968 and the motion to strike filed April 24, 1968 are dismissed."

It appears to me that the Supreme Court affirmed Per Curiam in *Commonwealth v. Hilliard, supra,* the lower court's dismissal of preliminary objections filed in April 1968 to an amended declaration of taking. I fail to see how that disposes of preliminary objections filed on November 21, 1967 to the initial declaration of taking.

The majority does not conclude that the lower court's order of February 13, 1968 ruled upon No. 6 of appellants' preliminary objections, being the objection challenging the condemnor's power to appropriate, since an examination of that order discloses that the court sustained one objection, rejected another and was silent upon the remaining objections, including the vital objection numbered "6". If the majority had concluded that it was the lower court's order of February 13, 1968 that passed upon the objection to the propriety of the taking, rather than the Per Curiam decision by the Supreme Court in *Commonwealth v. Hilliard, supra,* I would still have been troubled in this case, since I am satisfied that the lower court did not rule upon objection No. 6 in its order of February 13, 1968. My point, however, is that the Supreme Court only affirmed the lower court's order of April 30, 1968, which dismissed preliminary objections filed in April 1968 to an amended declaration of taking and had nothing to do with, or any effect upon, earlier preliminary objections timely filed but not ruled upon. Since the issues were not the same, I do not believe res judicata is applicable.

The majority cites *Hilliard v. Commonwealth of Pennsylvania*, 308 F. Supp. 756 (W.D. Pa. 1970), for the proposition that the District Court concluded that the decision of the Supreme Court in *Commonwealth v. Hilliard, supra,* was res judicata on the question of the propriety of the taking. I do not so read that case. The plaintiffs there, appellants here, raised three federal constitutional questions (page 760):

"1. Whether the taking of plaintiffs' properties by the Game Commission with the intention, among others, to lease or contract out portions thereof to private sharecroppers, constitutes an unconstitutional taking for private use.

"2. Whether the Game Commission's taking of plaintiffs' entire properties in fee rather than lesser portions thereof was an abuse of discretion and in bad faith.

"3. Whether the lower State Court has denied plaintiffs due process of law by denying them a hearing upon federal constitutional questions on the ground that, by procedural default, plaintiffs waived the opportunity to raise those questions."

The Court, at page 760, concluded relative to these constitutional questions as follows: "While I have thus concluded that plaintiffs have presented a substantial federal question conferring subject matter jurisdiction on this Court, nevertheless, I must find that the prior adjudication in the State eminent domain proceeding, as affirmed on appeal to the Supreme Court of Pennsylvania, forecloses plaintiffs from litigating herein each and every constitutional question raised. The doctrine of res judicata so requires."

Thus it was held only that *Commonwealth v. Hilliard, supra,* was res judicata to the federal constitutional questions raised in *Hilliard v. Commonwealth of Pennsylvania, supra,* but I believe this is not the same

as concluding that *Commonwealth v. Hilliard, supra,* was res judicata as to an objection raised, never ruled upon, and not before the Supreme Court of Pennsylvania when it affirmed without opinion the lower court's order of April 30, 1968, dismissing other preliminary objections.

My difference with the majority centers on what the Per Curiam order of the Supreme Court in *Commonwealth v. Hilliard, supra,* accomplished. The majority states that the Court held that "it was too late to raise the issue of the propriety of the taking, at least it is quite clear that that was its decision and, therefore, it is res judicata between the parties in this case". I offer that the Supreme Court held that the lower court was correct in not permitting appellants to file additional preliminary objections to the amended declaration of taking and that its Per Curiam affirmance goes no further than the lower court's order of April 30, 1968, which was the subject of the affirmance.

Thus, I also find it difficult to accept the absence of a ruling upon the vital question as to whether the condemnor has the power or right to condemn. I would reverse and remand to the lower court to rule upon the preliminary objections filed to the initial declaration of taking which have yet to be decided.

Judge CRUMLISH joins in this dissent.