Dunk, et ux. *v.* The Manufacturers Light and Heat Company.

Argued October 6, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO and MENCER. Judge ROGERS disqualified himself.

*Charles S. Dunk* and *Bella M. Dunk,* appellants in propria personna.

*Robert S. Gawthrop, Jr.,* with him *Robert W. Gawthrop* and *Gawthrop & Greenwood,* for appellee.

PER CURIAM OPINION, December 29, 1971:
After argument before the Court en banc, the Court being equally divided, the order of the lower court is hereby affirmed.

OPINION OF JUDGE WILKINSON IN SUPPORT OF AFFIRMANCE:
On October 14, 1966, appellee filed a petition for approval of its condemnation bond for a right of way across appellants' as well as other property. Appellants, as well as other property owners, filed objections to the bond, raising questions involving the propriety of the taking. Appellants entitled theirs "Exceptions in the nature of Preliminary Objections to the Purported Taking of Land". As stated by the court below, "Notwithstanding the filing of these exceptions or objections, we approved the bond by our order entered the same day." The other property owners appealed the approval of the bond raising the issue that the lower court had not properly considered the question of the necessity for the taking or its arbitrary, capricious and unreasonable nature. Although represented by the same attor-

ney, at least at the time the exceptions were filed and the bond approved, the appellants here did not appeal the approval of the bond filed to cover the condemnation of their property.

The lower court filed an opinion in the bond approval cases that were appealed. *In Re: Approval of Bond of the Manufacturers Light and Heat Company,* 15 Chester County 106 (1966). The Supreme Court, with the Court divided 4-3, reversed the lower court and the other property owners were given thirty days to renew their preliminary objections so that the court could properly pass upon them in line with the decision. *McConnell Appeal,* 428 Pa. 270, 236 A. 2d 796 (1968). Had the appellants here been appellants there, the cases appearing to be essentially, if not identically, the same, there can be little doubt that the appellants would have been permitted to renew their objections *within the thirty-day limit.* It might be interesting to speculate what the lower court would have done had appellants renewed their preliminary objections within the same thirty-day period allowed the property owners who appealed. However, it would be mere speculation since they did not do so. They will not now, some three years later, be permitted to do what even the other successful property owners were not permitted to do then, i.e., merely place their exceptions in the nature of preliminary objections on the argument list.

The unappealed approval of appellee's bond, albeit the court may not have given proper consideration to appellants' preliminary objections, at least after the thirty-day period given the successful appellants to renew their objections, constitutes a final decision on the validity of the taking and the only matter left open was the determination of damages.

On February 25, 1969, after other proceedings not here relevant, appellee petitioned for the appointment of a board of view which was appointed on the same

day. The board filed its report on June 10, 1970. Appellants participated in the board of view proceedings and presented valuation testimony. On June 26, 1970, the appellants appealed the award of the board of view.

With their appeal from the board of view thus pending, appellants, *in propria persona,* on December 31, 1970, placed the objections they had filed on October 14, 1966, to appellee's bond filed the same day, on the argument list for the January, 1971, Argument Court. After argument, the lower court, quite properly, ruled that there was nothing before it to decide, inasmuch as all exceptions had been dismissed by the approval of the bond.

Since the decision in *McConnell Appeal, supra,* there can be no doubt that the proper and only time and manner to challenge the propriety of a condemnation is by preliminary objections to the bond within thirty days of when it is filed. Section 406(a) of the Eminent Domain Code, Act of June 22, 1964, P. L. 84, Art. IV, as amended, 26 P.S. §1-406(a). If the appellants' listing on December 31, 1970, of the preliminary objections filed on October 14, 1966, could be considered as a refiling or renewal of the objections necessarily dismissed by approval of the bond on the same date, it is some four years late from the original approval and three years too late from the date of the decision in *McConnell Appeal,* when the other property owners who had successfully appealed were given but limited to thirty days to renew. If one of them had done as appellants here did, he could not now list his original objections on the argument list.

Appellants feel very strongly that their preliminary objections have never been given proper consideration by the court and that the bond was approved in error. In this respect, their position is quite like that of the appellants in *Commonwealth of Pennsylvania, Pennsylvania Game Commission v. Hilliard,* 3 Pa. Common-

wealth Ct. 560, 284 A. 2d 326 (1971). However, in *Hilliard,* the property owner had appealed the approval of the Declaration of Taking by the lower court without a written discussion or even affirmative notation that all the preliminary objections were dismissed. The lower court was affirmed without opinion. *Commonwealth v. Hilliard, et al.,* 433 Pa. 599, 249 A. 2d 536 (1969).

These cases must stand for the proposition that the order approving the bond or the Declaration of Taking when a bond is not required dismisses all preliminary objections theretofore filed.

President Judge BOWMAN and Judge KRAMER join in this opinion.

———

OPINION BY JUDGE MENCER IN SUPPORT OF REVERSING THE LOWER COURT:

In *Redding v. Atlantic City Electric Company,* 440 Pa. 533, 541, 269 A. 2d 680 (1970), in which it was also asserted that approval of the bond determined the validity of the taking, the Court said: "Nowhere in the statute is there any language indicating that the legislature meant this proceeding [approval of the condemnation bond] to be the one at which the validity and scope of the taking had to be determined."

My examination of the record indicates that the order approving the bond which was attached to the petition for the approval of the bond was signed by the lower court on the same day it was presented and only required him to fill in the date and affix his signature. In the lower court's opinion he stated that he had approved the bond on the same day it had been offered to him, "notwithstanding the filing of these exceptions or objections." I do not believe that his order approving the bond would have the effect of dismissing the exceptions and I do believe that the exceptions in the form

of preliminary objections challenging the authority of the gas company to take the property are undecided questions which remain upon the record at this time.

I am satisfied that the lower court did not give any consideration to the validity of the taking but was merely approving the adequacy and sufficiency of the bond and its surety. The lower court was undoubtedly aware that formerly a suit in equity was the method used for testing the power of the natural gas company to condemn private property, and it did not consider that the preliminary objections to the petition for approval of bond was the proper method to raise such questions. However, in *McConnell Appeal*, 428 Pa. 270, 273, 236 A. 2d 796 (1968), the Supreme Court said that ". . . with the enactment of the Eminent Domain Code of 1964, there is no longer any need for equity to perform these functions [the testing of the power of a natural gas company to condemn private property." The Court went on to say that "Section 406 [of the Eminent Domain Code of 1964] provides that within thirty days after service of the notice of condemnation, the condemnee may file preliminary objections to the declaration of taking. These preliminary objections are made the exclusive method of challenging . . . the power of the condemnor to appropriate the condemned property." The Supreme Court held that the landowner should properly file preliminary objections to the condemnor's petition asking approval of the condemnation bond, which petition should be regarded as the declaration of taking.

This is exactly what Mr. and Mrs. Dunk did. Although they entitled them "Exceptions in the Nature of Preliminary Objections," an examination of them will disclose that they were preliminary objections challenging the power of the condemnor to appropriate the condemned property. These have not been disposed of *on their merits* in any way or at any time. I conclude that

the approval of the bond in this case was a proceeding at which the validity and scope of the taking were not determined and therefore the Dunks' preliminary objections have not yet been disposed of by the lower court.

I would reverse and remand the case to the lower court to rule upon the preliminary objections filed by the condemnees.

Judges CRUMLISH and MANDERINO join in this opinion in support of reversing the lower court.