Albert J. Bernotas and Genevieve M. Bernotas, Appellants *v.* Chester County Water Resources Authority, Appellee.

Condemnation of 53.8 Acres More or Less, Situate in Upper Uwchlan Township, Chester County, Pennsylvania Being Property of Albert J. Bernotas and Genevieve M. Bernotas, His Wife, by the Chester County Water Resources Authority for Reservoir Purposes. Albert J. Bernotas and Genevieve M. Bernotas, Appellants.

Submitted on briefs, December 5, 1977, to President Judge Bowman and Judges Crumlish, Jr., Wilkinson, Jr., Blatt and DiSalle. Judges Mencer and Rogers did not participate.

*Albert J. Bernotas* and *Genevieve M. Bernotas,* appellants, for themselves.

*John E. Good* and *Patrick C. O'Donnell*, for appellee.

Opinion by Judge Crumlish, Jr., April 14, 1978:
The Court of Common Pleas of Chester County decided two separate actions commenced by Albert J.

Bernotas and Genevieve Bernotas (Appellants). Those docketed at Nos. 1325 and 1398 C.D. 1973[1] involved denial of Appellants' petition to strike notice of taking or file preliminary objections in a condemnation proceeding. The appeal at No. 824 C.D. 1974 is from the decision denying Appellants' petition to set aside a writ of possession granted to the Chester County Water Resources Authority (Appellee) flowing from the same condemnation. Both actions were consolidated for our resolution.

It serves no purpose to detail the tortured and lengthy prior proceeding and so we will recount only those facts which we consider necessary for the reader to understand the nature of this appeal and the basis for our decision.

In 1967 a declaration of taking was filed in the Court of Common Pleas condemning certain property titled to Appellants. Four and one-half years later, in March of 1972, following damage reports filed by two boards of view, Appellants' subsequent petition for leave to file preliminary objections to the declaration of taking was denied in November of 1972. This order *was never appealed.* The following year Appellants filed another petition to strike notice of taking or file preliminary objections. This was substantively the same petition that had been denied in 1972. The court below denied this petition on the authority of the 1972 decision. This 1973 order was appealed to us and docketed at Nos. 1325 and 1398 C.D. 1973.

We affirm the court below as to these appeals. The 1972 order, denying Appellants' petition for leave to file preliminary objections, was never appealed and accordingly, is final. Any subsequent attempt to challenge the validity of the taking by preliminary objec-

---

[1] We are unable to determine why this appeal was docketed twice.

tion[2] is barred by the doctrine of res judicata. *See Game Commission v. Hilliard,* 3 Pa. Commonwealth Ct. 560, 564-65, 284 A.2d 326, 328 (1971).

A writ of possession to the contested property was granted Appellee in October of 1971. In December of 1973 Appellants filed a petition to set aside the writ, which was denied in May of 1974. Most of the arguments raised by Appellants in their petition challenge the validity of the declaration of taking. Section 406 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-406, provides that preliminary objections are "the exclusive method of challenging . . . the declaration of taking" and "[f]ailure to raise these matters by preliminary objections shall constitute a waiver thereof." Hence, all of those objections to the declaration of taking were properly overruled.

Appellant properly argues that Section 407(b) of the Eminent Domain Code, 26 P.S. §1-407(b), requires that a writ of possession shall be "conditioned upon payment to the condemnee or into the court of such estimated just compensation and on such terms as the court may direct," and that the writ of possession as granted contained no such condition. Section 504 of the Appellate Court Jurisdiction Act of 1970, Act of July 31, 1970, P.L. 673, *as amended,* 17 P.S. §211.504, provides that this Court may modify an order brought before it for review. In view of the lengthy prior proceedings hereto and in the interest of the expedient administration of justice, the decision of the court below in denying Appellants' petition is affirmed, but the writ of possession shall be and hereby is modified as follows:

---

[2] Pursuant to Section 504 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-504, preliminary objections are "the exclusive method of challenging . . . the declaration of taking."

## Writ of Possession

To the Sheriff of Chester County:

You are hereby directed to deliver actual possession to Chester County Water Resources Authority of a tract of land containing 53.8 acres, more or less, together with the improvements thereon erected, situate in Upper Uwchlan Township, Chester County, Pennsylvania, formerly owned by and now in the possession of Albert J. Bernotas and Genevieve M. Bernotas, his wife, upon receipt of proof of deposit by the Chester County Water Resources Authority of the remainder of the award granted to Albert J. Bernotas and Genevieve M. Bernotas as just compensation for their property with the clerk of the Court of Common Pleas of Chester County. After the Sheriff of Chester County delivers possession of said tract of land to the Chester County Water Resources Authority and after satisfaction or adjudication of all outstanding liens filed against said property has been accomplished said award shall be promptly paid to Albert J. Bernotas and Genevieve M. Bernotas.

## Order

And Now, this 14th day of April, 1978, the orders of the Court of Common Pleas of Chester County are affirmed, except that the writ of possession shall be and hereby is modified as follows:

## Writ of Possession

To the Sheriff of Chester County:

You are hereby directed to deliver actual possession to Chester County Water Resources Authority of a tract of land containing 53.8 acres, more or less, together with the improvements thereon erected, situate in Upper Uwchlan Township, Chester County, Pennsylvania, formerly owned by and now in the pos-

session of Albert J. Bernotas and Genevieve M. Bernotas, his wife. Upon receipt of proof of deposit by the Chester County Water Resources Authority of the remainder of the award granted to Albert J. Bernotas and Genevieve M. Bernotas as just compensation for their property with the clerk of the Court of Common Pleas of Chester County, and after the Sheriff of Chester County delivers possession of said tract of land to the Chester County Water Resources Authority and after satisfaction or adjudication of all outstanding liens filed against said property has been accomplished, said award shall be promptly paid to Albert J. Bernotas and Genevieve M. Bernotas.

### AMENDED ORDER

AND Now, this 24th day of April, 1978, our prior Order of April 14, 1978, is amended, in part, to read as follows:

### WRIT OF POSSESSION

TO THE SHERIFF OF CHESTER COUNTY:

You are hereby directed to deliver actual possession to Chester County Water Resources Authority of a tract of land containing 53.8 acres, more or less, together with the improvements thereon erected, situate in Upper Uwchlan Township, Chester County, Pennsylvania, formerly owned by and now in the possession of Albert J. Bernotas and Genevieve M. Bernotas, his wife, upon receipt of proof of deposit by the Chester County Water Resources Authority of the remainder of the award granted to Albert J. Bernotas and Genevieve M. Bernotas as just compensation for their property with the clerk of the Court of Common Pleas of Chester County. After the Sheriff of Chester County delivers possession of said tract of land to the Chester County Water Resources Authority and after satisfaction or adjudication of all outstanding

liens filed against said property has been accomplished, said award shall be promptly paid to Albert J. Bernotas and Genevieve M. Bernotas.