Donald B. Janeski, Appellant *v.* Borough of South Williamsport, Appellee.

Argued March 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three.

*Norman M. Lubin, Casale & Bonner,* for appellant.

*Robert C. Wise,* for appellee.

OPINION BY JUDGE MACPHAIL, May 6, 1980:

Donald B. Janeski (Appellant) appeals to this Court from a decision of the Court of Common Pleas of Lycoming County. Appellant's notice of appeal states that he is appealing from the "Order of Court . . . filed . . . on April 6, 1979, dismissing Plaintiff's Petition for Reconsideration of the Court's Order dated March 6, 1979, dismissing Plaintiff's Complaint." In reality Plaintiff's appeal addresses the court's original final order, that of March 6, 1979, which sustained the preliminary objection of the Borough of South Williamsport (Borough) to Appellant's

petition for appointment of viewers filed pursuant to Section 502(e) of the Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e), and dismissing Appellant's petition.

Appellant raises two issues for our consideration: whether the preliminary objection should have been stricken because it was untimely filed and whether the petition for the appointment of viewers should have been granted. Neither of these issues addresses the propriety of the court's dismissing Appellant's petition for reconsideration which is the final order from which Appellant has appealed. Our scope of review concerning an appeal from a final order of a common pleas court in an eminent domain action is limited to determining whether the trial court abused its discretion or committed an error of law. *Pidstawski v. South Whitehall Township*, 33 Pa. Commonwealth Ct. 162, 166, 380 A.2d 1322, 1324 (1977); *Condemnation of Hatfield Township, Montgomery County*, 23 Pa. Commonwealth Ct. 394, 397, 352 A.2d 230, 233 (1976). Appellant directs our attention to no error committed by the trial court in dismissing Appellant's petition for reconsideration. Likewise, we have found none and we affirm the order of the court.

We cannot consider the substantive issues raised by Appellant in his brief because rather than relating to his appeal from the court's order dismissing his petition for reconsideration they relate to the court's order dismissing his petition for appointment of viewers dated March 6, 1979. In that respect, Appellant's appeal is untimely. Pennsylvania Rule of Appellate Procedure 903(a), under the authority of Section 5571 (a) of the Judicial Code, 42 Pa. C. S. §5571(a), requires that a notice of appeal to this Court be filed within 30 days of the entry of the order from which the appeal is taken. An appeal which is filed more

than 30 days after the entry of the order is untimely. Except under limited circumstances not applicable here, such an appeal must be quashed because Pa. R.A.P. 105(b) prohibits appellate courts from enlarging the time for the filing of a notice of appeal. *In Re: Kemmerer*, 46 Pa. Commonwealth Ct. 455, 456, 405 A.2d 1108, 1109 (1979). Appellant's failure to file a timely appeal from the order entered March 6, 1979 deprives this Court of jurisdiction to consider the issues he now raises. Despite the fact that the Borough did not challenge Appellant's appeal as being untimely, we must dismiss the appeal from the March 6 order sua sponte. *Szura v. Zoning Hearing Board of Wyoming Borough*, 40 Pa. Commonwealth Ct. 172, 174-75, 397 A.2d 33, 34 (1979).

The order of the Court of Common Pleas of Lycoming County dated April 6, 1979 is affirmed and Appellant's appeal is dismissed.

### ORDER

AND Now, this 6th day of May, 1980, the order of the Court of Common Pleas of Lycoming County, entered April 6, 1979, at No. 77-1687 is affirmed and the appeal of Donald B. Janeski is dismissed.