Charles S. Dunk and Bella M. Dunk, his wife, Appellants *v.* Manufacturers Light and Heat Company, Appellee.

Argued April 9, 1980, before Judges MENCER, ROGERS and MACPHAIL, sitting as a panel of three.

*Thomas E. Martin, Jr.,* for appellants.

*Robert S. Gawthrop, Jr.,* with him *Donald R. Hayes, Gawthrop & Greenwood,* for appellee.

OPINION BY JUDGE MENCER, June 6, 1980:

In March of 1973, Charles S. Dunk and Bella M. Dunk, his wife (condemnees), commenced an action in ejectment against the Manufacturers Light and Heat Company (condemnor), contending that the condemnor had installed a pipeline outside the physical limits of the easement earlier condemned and upon other lands of the condemnees.

Following a trial, the Honorable LEONARD SUGARMAN of the Court of Common Pleas of Chester County, sitting without a jury, entered judgment in ejectment in favor of the condemnees and against the condemnor but provided that enforcement of the judgment be stayed so as to permit the condemnor a reasonable time to properly exercise its power to condemn an additional easement.

Thereafter, the condemnor filed a petition for approval of a condemnation bond under the provisions of Section 10 of the Natural Gas Companies Act, Act of May 29, 1885, P.L. 29, *as amended* (Act of 1885), 15 P.S. §3551. The trial court, on May 8, 1978, approved the proffered bond and ordered and directed that the bond be filed in the office of the Prothonotary. The condemnees appeal to this court from the order of May 8, 1978, and we affirm that order on the opinion of Judge SUGARMAN, reported at 27 Chest. 561 (1979).

The only challenge made by the condemnees to the approval of the bond in question in the court below was that the condemnor should have condemned the new easement under the provisions of the Eminent

Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended,* 26 P.S. §1-101 et seq., and not the provisions of the Act of 1885.[1]

Here, the condemnees raise three issues not raised before the court below.[2] Matters not raised in, or considered by, the court below cannot be invoked on appeal, even though they involve constitutional questions. *Altman v. Ryan,* 435 Pa. 401, 257 A.2d 583 (1969).

Order affirmed.

## ORDER

AND Now, this 6th day of June, 1980, the order of the Court of Common Pleas of Chester County, dated May 8, 1978, approving the bond of Columbia Gas Transmission Corporation and Insurance Company of North America, as surety, dated April 14, 1978 and

---

[1] As pointed out in Judge SUGERMAN'S opinion, Section 901 of the Eminent Domain Code, 26 P.S. §1-901, expressly saved from repeal the procedures for the condemnation of easements for gas pipelines provided by the Act of 1885. *Greenwald Appeal,* 424 Pa. 318, 227 A.2d 166 (1967).

[2] The condemnees raise for the first time here the following three questions:

(1) May a natural gas pipeline company which intentionally lays its twenty-inch diameter pipeline outside its fifty-foot wide easement further seize private property to correct the trespass?

(2) May such a company condemn additional land without a certificate of public convenience and necessity from the Federal Power Commission, a bona fide effort to agree with the landowners as to damage prior to the appropriation, or compliance with the procedural safeguards of the Eminent Domain Code of 1964?

(3) Does the Act of May 29, 1885, P.L. 29, transgress federal or state constitutional guarantees of private property rights by its procedures which authorize taking of an easement without a hearing on the legality and necessity thereof?

relating to damages incident to the condemning of an easement over the property and lands of Charles S. Dunk and Bella M. Dunk and directing that said bond be filed in the office of the Prothonotary of Chester County, is hereby affirmed.