Donald B. Janeski, Appellant *v.* Borough of South Williamsport, Appellee.
(Opinion Following Reargument)

Argued May 13, 1980, before Judges WILKINSON, JR., MENCER and MACPHAIL, sitting as a panel of three. Reargued December 10, 1980, before President Judge CRUMLISH, and Judges WILKINSON, MENCER, ROGERS, BLATT, CRAIG, MACPHAIL, WILLIAMS, JR., and PALLADINO.

*Norman M. Lubin, Casale & Bonner,* for appellant.

*Robert C. Wise,* for appellee.

OPINION BY JUDGE MACPHAIL, May 13, 1981:

Donald B. Janeski (Appellant) appeals to this Court from a decision of the Court of Common Pleas of Lycoming County sustaining the preliminary objection of the Borough of South Williamsport (Borough) to Appellant's petition for appointment of a board of view filed pursuant to Section 502(e) of the

Eminent Domain Code (Code), Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-502(e), and dismissing Appellant's petition.

An opinion was written in this case and was filed on May 6, 1980. *Janeski v. Borough of South Williamsport*, 58 Pa. Commonwealth Ct. 366, 414 A.2d 403 (1980). Appellant filed an application for reargument, which was granted, and reargument was held before this Court sitting en banc. We now vacate our previous opinion and reach this matter on the merits.

Appellant filed a petition for appointment of a board of view on April 27, 1977. The petition alleged that Appellant's property had been damaged as a result of the resurfacing of the street and the installation of curbing in front of Appellant's property. The lower court appointed a Board of View on May 3, 1977. The Borough received proper notice of the appointment on May 10, 1977. On July 19, 1977, one day before the view was to have been held, the Borough filed a preliminary objection to the petition for appointment of viewers raising the question of whether a de facto taking had occurred. Appellant filed a motion to strike the preliminary objection as untimely filed; the trial court denied this motion on October 7, 1977 and directed depositions and briefs to resolve the issue of whether a de facto taking had occurred. The trial court held that Appellant failed to meet his burden to show any interference with his use of his property. The preliminary objection was sustained and Appellant's petition for the appointment of viewers was dismissed.

Two issues are presented for our review: whether the preliminary objection should have been stricken as untimely filed and, if not, whether the petition for appointment of viewers should have been granted.

Sections 406 and 504 of the Code, 26 P.S. §1-406 and §1-504, provide for preliminary objections. Section 406 preliminary objections facially relate to situations where a formal declaration of taking has been filed, but this Court has also found them applicable to a de facto taking. *Jacobs v. Nether Providence Township,* 6 Pa. Commonwealth Ct. 594, 297 A.2d 550 (1972). Section 504 preliminary objections, which were added to the Code by Section 1 of the Act of December 5, 1969, P.L. 316, facially apply to the situation where a petition for the appointment of viewers has been filed, which, of course, is the fact in the case now before us. Section 406 provides that preliminary objections filed pursuant to that Section may be filed within thirty days after notice of condemnation is received. Section 504 provides that preliminary objections filed pursuant to that Section may be filed within twenty days after notice of the appointment of viewers is received. In the instant case, the Borough admits that its preliminary objection was filed some seventy days after it received notice of the appointment of viewers.

First, we must ascertain whether Section 406 or Section 504 applies to a de facto taking where viewers have already been appointed. Although the Borough has not timely filed its objection under either Section, if Section 406 applies, the issue of whether the Borough is barred by its late filing appears to be settled. The language of Section 406 following the thirty day provision for the filing of preliminary objections plainly indicates that only where the court *permits* preliminary objections to be filed beyond the thirty days upon cause shown will the time be extended. *Stitt v. Manufacturers Light & Heat Co.,* 432 Pa. 493, 248 A.2d 48 (1968); *Edgewood Building Co., Inc. Appeal,* 43 Pa. Commonwealth Ct. 91, 402 A.2d 276 (1979); and *Dunk v. Manufacturers Light & Heat*

*Co.,* 4 Pa. Commonwealth Ct. 127, 285 A.2d 535, *aff'd,* per curiam 448 Pa. 530, 292 A.2d 323 (1972).

In *City of Philadelphia v. Airportels, Inc.,* 14 Pa. Commonwealth Ct. 617, 322 A.2d 727 (1974), Judge MENCER addressed this question in the following language:

The Eminent Domain Code's failure to specifically provide the appropriate procedure to test the legal sufficiency of a petition for the appointment of viewers filed by a property owner alleging a de facto taking or compensable injury to his property has unquestionably resulted in uncertainty among practitioners. We held in Commonwealth's Crosstown Expressway Appeal, 3 Pa. Commonwealth Ct. 1, 281 A.2d 909 (1971), that preliminary objections are the appropriate procedure to procure such a test of legal sufficiency.

However, where, as here, the viewers have already been appointed under the provisions of Section 504 of the Eminent Domain Code, as amended, 26 P.S. §1-504, before the governmental body has filed any preliminary objections, a situation has arisen which could be considered confusing. Should the preliminary objections envisioned under the provisions of Section 406 or the preliminary objections under the provisions of Section 504 be filed? We conclude, since the viewers have been appointed under the provisions of Section 504, and since that section provides that '[a]*ny objection* to the appointment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days after receipt of notice of the appointment of viewers,' that all preliminary objections should be raised at one time and in one pleading. Thus all disputes of

fact and law, all objections pertaining to the form of the petition or the appointment or the qualifications of the viewers, contentions as to the legal sufficiency of the petition, and any and all other questions, objections, or challenges to the property owner's assertion of a de facto taking or claim of compensable injury should be included in the preliminary objections filed to the appointment of viewers. (Emphasis in original.) (Footnote omitted.)

*Id.* at 622-23, 322 A.2d at 730. It is apparent, then, that in a de facto taking, where a board of view has been appointed, all objections, whether they be those which might properly be raised under Section 406 or Section 504,[1] will be considered as having been raised under Section 504.

That question having been resolved, we now address the issue of whether the twenty day period specified in Section 504 is mandatory. The pertinent language of that Section is, "Any objection to the appointment of viewers not theretofore waived may be raised by preliminary objections filed within twenty days after receipt of notice of the appointment of viewers." In *Commonwealth v. Harrisburg Coca Cola Bottling Co., Inc.*, 51 Pa. Commonwealth Ct. 425, 414 A.2d 1097 (1980), a case not available to the trial court at the time of the decision in the instant case, our Court held that preliminary objections filed under Section 504 *must* be filed within twenty days after

---

[1] The preliminary objections provided for in Section 406 are meant to challenge the power to condemn, the sufficiency of the security, the procedure followed by the condemnor or the declaration of taking. 26 P.S. §1-406. The preliminary objections provided for in Section 504 are meant to challenge the form of the petition, the appointment or qualification of the viewers. 26 P.S. §1-504. A petition for appointment of viewers alleging a de facto taking does not fall squarely within either grouping.

the objector receives notice that viewers have been appointed and not thereafter. As we have previously noted, the Borough here admits that its preliminary objection to the appointment of viewers was not filed until some seventy days after it received notice of the appointment of viewers. Therefore, our decision in *Harrisburg Coca Cola* controls and we must conclude that the trial court erred when it did not sustain the Appellant's motion to strike the Borough's preliminary objection to the appointment of viewers.

Having determined that the objection to the appointment of viewers was untimely filed, there is no necessity for us to consider the second issue raised by Appellant in this appeal.

### ORDER

And Now, this 13th day of May, 1981, the order of the Court of Common Pleas of Lycoming County, dated March 6, 1979, is reversed and the case is remanded for further proceedings.

Judge MENCER dissents.

Judge WILKINSON, JR. did not participate in the decision in this case.

