Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* John H. Parker, III, t/a Monique's Alsatian Restaurant, Appellee.

Argued October 9, 1980, before Judges MENCER, BLATT and CRAIG, sitting as a panel of three.

*J. Leonard Langan*, Assistant Attorney General, with him *Kenneth W. Makowski*, Acting Chief

Counsel, and *Edward Biester, Jr.,* Attorney General, for appellant.

*Derek J. Reid, Eastburn and Gray,* for appellee.

OPINION BY JUDGE BLATT, February 5, 1981:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Bucks County reversing the Board which had refused the application of John H. Parker, III, owner of Monique's Alsatian Restaurant, (applicant) for a new restaurant liquor license filed under the resort area theory.

An application for a new restaurant liquor license[1] was filed with the Board by the applicant on August 14, 1978 for premises located in the Borough of New Hope, Bucks County. After a hearing held on January 10, 1979, the Board made the following findings of fact:

1. As provided by law, the Borough of New Hope, Bucks County, has a quota of 1 license for the retail sale of alcoholic beverages and there are presently 12 restaurant liquor licenses in effect counted against the quota. Consequently, the quota for this municipality is exceeded. There are also 4 hotel liquor licenses in effect which are not counted against the quota.

2. Although the Board concedes the premises proposed to be licensed are located within a resort area, it has not been established that there is a necessity for an additional retail

---

[1] Application was made for an amusement permit and for a provisional Sunday sales permit in addition to the request for a new restaurant liquor license. All three were refused by the Board, but the applicant appealed only the refusal of the restaurant liquor license to the court of common pleas.

liquor license in the Borough of New Hope, Bucks County.

3. The premises proposed to be licensed are directly connected with another business.

4. The premises proposed to be licensed are located within 200 feet of other establishments licensed by this Board.

The Board then refused the application.

On appeal, the court below concluded that a necessity for licensing these resort area premises existed and, in view of this, that the Board had abused its discretion in basing denial of the application on the grounds, *inter alia,* that the proposed premises were located within two hundred feet of other establishments licensed by the Board and that although the premises were located within a resort area, a necessity for an additional retail liquor license had not been established.[2] The court ordered that a new restaurant liquor license be issued.

Section 404 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404, provides in pertinent part:

[I]n the case of any new license ... the board may, in its discretion, grant or refuse such new

---

[2] The court below properly determined that:

1) because the Board conceded that New Hope was a resort area, the finding as to its quota allotment was mitigated by Section 4-461(b) of the Code, which permits the Board, in the presence of demonstrated necessity, to increase the number of licenses issued within a resort area, and

2) the Board's finding that the proposed premises were directly connected with another business was no longer an issue in view of the Liquor Board Enforcement Officer's concession upon cross-examination that the Board requirement of a sufficient separation was met by the permanently locked inner doorways which connected the premises to a furniture shop.

license ... if such new license ... is applied for a place which is within two hundred feet of any other premises which is licensed by the board....

Under the quota restrictions fixed by law,[3] the borough in which the premises are located is permitted one liquor license for the retail sale of liquor and malt beverages. But Section 4-461(b)[4] carves out an exception:

The Board shall have the power to increase the number of licenses in any such municipality which in the opinion of the board is located within a resort area.

Section 4-461(b), therefore, serves to expand the geographic area within which the Board has the *power* to issue additional licenses in the exercise of its discretion. It does not mandate that the Board shall issue more licenses but only that it has the power to do so. Section 461(b) does not diminish discretion, it merely extends the area within which this discretion may be exercised.

It is well established that issuance of an additional license in a resort area is warranted only upon a showing that "there is an actual need, and that the license holders already in business are not adequately equipped to supply the need of those frequenting the area." *Willowbrook Country Club, Inc. Liquor License Case,* 409 Pa. 370, 374, 187 A.2d 154, 156 (1962). The finding of the court below as to the existence of a necessity, however, was based on the conclusion that there were an inadequate number of *restaurants* in the area during the "season", and that Monique's offers a full-menu restaurant which would be attractive to a large

---

[3] Section 461(a), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(a).

[4] Section 461(b), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-461(b).

body of patrons except for the fact that they would be unable to obtain alcoholic refreshments there.

This lack of sufficient restaurants does not address the question of actual need for an additional liquor license. Moreover, neither conclusion of the court below establishes that the license holders *already* in business are not adequately equipped to supply the need with respect to alcoholic beverages of those frequenting the area.

Even if actual necessity did exist, however, the applicant's appeal must fail for the testimony of both the Board officer and the applicant before the court below confirmed the location of three other Board-licensed establishments within two hundred feet of Monique's, and the court below did not make findings contrary to those of the Board as to this matter. That two of the three establishments are workmen's bars and that the third is a disco-type club is noted but this is of no concern here for the language of Section 404 is couched in terms of places which are "within two hundred feet of any other premises *which is licensed by the Board.*" *See Bilinsky v. Liquor Control Board,* 7 Pa. Commonwealth Ct. 312, 298 A.2d 698 (1972).

The applicant's assertion that the Board's abuse of discretion is clearly manifested by its lack of consideration of the fact that the same proximity of two hundred feet apparently served as no impediment to the previous grant of licenses to the other three licenses fails to take into account the Board's discretion as to where to draw the line as to how many, if any, licensees may be permitted within two hundred feet of each other. Further, to accept such reasoning would require that, once the Board granted a license to premises located within two hundred feet of other licensed premises, it would thereafter be foreclosed from refusing licenses to others within the same proximity. The Board cannot be so confined in the exercise

of its discretion, for it is well settled that, " 'where premises proposed to be licensed are located within two hundred feet of another licensed establishment, that fact alone is a sufficient basis for the Board's refusal to grant or transfer the license, and the court of [common pleas] has no right on appeal to substitute its discretion for that of the Board.' " *Bilinsky, supra* at 316, 298 A.2d at 700 (quoting *Jack's Delicatessen, Inc. Liquor License Case,* 202 Pa. Superior Ct. 481, 485, 198 A.2d 604, 606 (1964)). Moreover, "even where a court discovers that several of the findings of the Board were erroneous, it may not substitute its judgment for that of the Board so long as grounds remain that would have supported the Board's decision." *Hill Liquor License Case,* 36 Pa. Commonwealth Ct. 604, 606, 388 A.2d 791, 792-793 (1978), and there was sufficient evidence to support the Board's refusal to grant a liquor license upon its finding as to the presence of other board-licensed establishments within two hundred feet of applicant's premises. We believe, therefore, that the court below improperly substituted its discretion for that of the Board. *Bierman Liquor License Case,* 188 Pa. Superior Ct. 200, 145 A.2d 876 (1958).

ORDER

AND, Now, this 5th day of February, 1981, the order of the Court of Common Pleas of Bucks County, reversing the liquor Control Board and ordering the issuance of a restaurant liquor license to John H. Parker, III, is reversed.