73 Pa. Commonwealth Ct. 336 (1983)
Application Appeal of: Joseph Byer, Jr., Pegasus. Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant.
No. 1534 C.D. 1982.
Commonwealth Court of Pennsylvania.
Submitted on briefs March 2, 1983.
April 11, 1983.
*337 Submitted on briefs March 2, 1983, to President Judge CRUMLISH, JR. and Judges MacPHAIL and BARBIERI, sitting as a panel of three.
Gary F. DiVito, Assistant Counsel, with him, J. Leonard Langan, Chief Counsel, for appellant.
No appearance for appellee.
OPINION BY JUDGE MacPHAIL.
The Pennsylvania Liquor Control Board (Board) has appealed from an order of the Court of Common Pleas of Cambria County which reversed an order of the Board and directed that Joseph Byer, Jr.'s (Appellee)[1] application for the transfer of a restaurant liquor license be granted. We reverse.
On June 18, 1981, Appellee applied for a person-to-person and place-to-place transfer of a restaurant liquor license to premises located at 624 Broad Street, Johnstown, Pennsylvania. Following a hearing, the Board denied the transfer application based on four findings: 1) that the premises proposed to be licensed are located within 200 feet of other licensed establishments; 2) that the site is also located within 300 feet *338 of two churches and a city playground; 3) that the grant of the license transfer would adversely affect the welfare, health, peace and morals of the neighborhood within a radius of 500 feet and 4) that the Board had concerns regarding the source of monies used by Appellee to purchase the license.
Appellee appealed the Board's decision to the court of common pleas, where a de novo hearing was held. In its opinion, the court noted that uncontradicted testimony presented at the de novo hearing supported the Board's findings that the proposed site is located within 200 feet of another licensed establishment and that two churches and a playground are within 300 feet of the site. The court nevertheless concluded that the denial of the transfer application was arbitrary and capricious because the Board did not explain how the proposed site would differ from other licensed establishments in the area which are also located within the 200 and 300 foot restrictive zones. The court's ruling on this issue constituted clear error.[2]
Section 404 of the Liquor Code (Code)[3], allows the Board in its discretion to refuse the transfer of a license to a new location if the proposed site is within 300 feet of any church, hospital, charitable institution, school or public playground or if the site is within 200 feet of any other premises licensed by the Board. The law is clear that where premises proposed to be licensed are located within 200 feet of another licensed establishment or within 300 feet of one of the enumerated institutions, that fact alone is sufficient basis for the refusal of a transfer application by the Board. Jack's Delicatessen, Inc. Liquor License Case, 202 Pa. *339 Superior Ct. 481, 198 A.2d 604 (1964) and 425-429, Inc. Liquor License Case, 179 Pa. Superior Ct. 235, 116 A. 2d 79 (1955), allocatur refused, 179 Pa. Superior Ct. xxvi. Thus, the Board was not required to explain how the proposed site differed from those establishments in the area which had been granted licenses despite their proximity to other licensed premises or the institutions listed in Section 404 of the Code.
Section 464 of the Code, 47 P.S. § 4-464 provides that on appeal to the court of common pleas, "[t]he court shall hear the application de novo on questions of fact, administrative discretion and such other matters as are involved. . . ." It is well settled, however, that Section 464 does not permit the court to substitute its discretion for that of the Board. The Board may be reversed only where there has been a clear abuse of discretion or where new facts varying from those accepted by the Board are found by the court. Darlene Bar, Inc. v. Pennsylvania Liquor Control Board, 51 Pa. Commonwealth Ct. 274, 414 A.2d 721 (1980).
In the instant case, the court of common pleas reversed the Board despite the fact that the evidence presented at the de novo hearing fully supported the Board's first two findings. Since the Board's findings were clearly adequate to support its denial of the transfer application, we must conclude that the court of common pleas' reversal was in error.[4]
Order reversed.

ORDER
The order of the Court of Common Pleas of Cambria County, dated June 2, 1982, is hereby reversed.
NOTES
[1] Appellee has not participated in this appeal.
[2] Our scope of review is limited to a determination of whether the court of common pleas abused its discretion or committed legal error. Pennsylvania Liquor Control Board v. Two Guy's Delicatessen, Inc., 13 Pa. Commonwealth Ct. 602, 319 A.2d 695 (1974).
[3] Act of April 12, 1951, P.L. 90, as amended, 47 P.S. § 4-404.
[4] As we have noted, the Board's denial of the transfer application was fully supported by its first two findings. We, accordingly, need not decide whether the court of common pleas correctly concluded that the Board's other findings were not supported by the record.