In the Matter of Application of Transfer of Liquor Club License etc. Suburban Democrat Club, Appellant.

Submitted on briefs March 2, 1983, to President Judge CRUMLISH, JR. and Judges MACPHAIL and BARBIERI, sitting as a panel of three.

*Louis P. Vitti, Markovitz and Vitti,* for appellant.

*Felix Thau,* Assistant Counsel, with him *J. Leonard Langan,* Chief Counsel, for appellee.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., April 21, 1983:

The Suburban Democrat Club (Club) appeals an Allegheny Common Pleas Court order which denied an application for transfer of a liquor license. We affirm.

The Club, a private social organization, applied to transfer a club liquor license to premises located in a commercial area. Within two hundred feet of the Club there are nine other licensed establishments. Although no one contested the application, the Pennsylvania Liquor Control Board (PLCB) denied the transfer solely because of the physical proximity of the other establishments. The common pleas court affirmed, concluding that there had been no abuse of discretion by the PLCB.

Our scope of review is limited to determining whether the common pleas court committed an error of law, abused its discretion or made findings un-

supported by substantial evidence. *In Re: Revocation of Liquor License No. R-2193,* 72 Pa. Commonwealth Ct. 367, 456 A.2d 709 (1983).

Section 404 of the Liquor Code[1] provides, in pertinent part:

> [I]n the case of any new license or the transfer of any license to a new location the board *may, in its discretion,* grant or refuse such new license or transfer . . . if such new license or transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board. . . . (Emphasis added.)

This Court, in interpreting this provision, has written:

> [B]y enactment of Section 404, the Legislature has given the Board the discretionary power to refuse or grant applications subject to the limitations in the Code and it is not the function of either the court of common pleas or this Court to substitute its discretion for that of the Board.

*Prezioso Liquor License Case,* 36 Pa. Commonwealth Ct. 92, 95, 387 A.2d 1308, 1309 (1978).

The Club argues that, because the PLCB has granted other applications within two hundred feet of each other, it was an abuse of discretion to refuse its application on that basis. In *Pennsylvania Liquor Control Board v. Parker,* 56 Pa. Commonwealth Ct. 486, 425 A.2d 853 (1981), in disposing of a similar argument, we wrote:

> The applicant's assertion that the Board's abuse of discretion is clearly manifested by its lack of consideration of the fact that the same

---

[1] Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404.

proximity of two hundred feet apparently served as no impediment to the previous grant of licenses to the other three licenses [sic] fails to take into account the Board's discretion as to where to draw the line as to how many, if any, licensees may be permitted within two hundred feet of each other.

*Id.* at 491, 425 A.2d at 856.

Affirmed.

### ORDER

The Allegheny County Common Pleas Court order, No. 1594 SA 1982 dated March 1, 1982, is affirmed.