510 A.2d 154

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* Emmanuel L. DeMutis, Sr., Appellee.

Submitted on briefs April 7, 1986, before Judges MACPHAIL and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Faith S. Diehl,* Assistant Counsel, for appellant.

*Louis Sager, Sager* & *Sager Associates,* for appellee.

OPINION BY SENIOR JUDGE BARBIERI, May 29, 1986:

This is an appeal by the Pennsylvania Liquor Control Board (Board) from an order of the Court of Common Pleas of Chester County. That order reversed the Board's decision which had refused an application to transfer a restaurant liquor license to the Applicant, Emmanuel L. DeMutis, Sr.

An application for the transfer of a restaurant liquor license was filed with the Board by DeMutis on December 29, 1982 for premises located at 134 East Bridge Street in the Borough of Phoenixville. After a

hearing held on January 13, 1984, the Board made the following findings of fact:

1. The premises proposed to be licensed are within 200 feet of other establishments licensed by this Board.

2. The premises proposed to be licensed are located within 300 feet of St. Peter's Episcopal Church and Sacred Heart Social Center.

3. The health license permits the sale of prepacked foods only.

4. The establishment is not open or in operation as a bona fide restaurant.

5. The applicant will no longer have use of these premises in the near future inasmuch as they are being acquired by the Chester County Redevelopment Authority.

6. The proposed manager, Emmanuel DeMutis, Jr., is co-licensee under Hotel Liquor License H-3274, and his employment by another licensee violates Section 493(11) of the Liquor Code [Act of April 12, 1951, P.L. 90, *as amended*, 47 P.S. §4-493(11)].

The Board then refused the application for transfer.

On appeal, the common pleas court concluded that the additional evidence submitted by DeMutis at an evidentiary hearing successfully rebutted Board findings three through six. The common pleas court also found that the proposed licensed premises is within two hundred feet of another establishment licensed by the Board and within three hundred feet of a church. However, the common pleas court concluded that since the church had withdrawn its objections to the transfer and the Board had licensed other establishments within two hundred feet of another licensed establishment, the Board abused its discretion and the court ordered that the license be transferred to DeMutis at the 134 East Bridge Street location.

In reviewing the decision of a common pleas court in a liquor license appeal, our scope of review is limited to determining whether the common pleas court abused its discretion or committed an error of law. *Pennsylvania Liquor Control Board v. Two Guy's Delicatessen, Inc.*, 13 Pa. Commonwealth Ct. 602, 319 A.2d 695 (1974). We have also held that Section 464 of the Liquor Code, 47 P.S. §4-464, does not permit the common pleas court to substitute its discretion for that of the Board and that the Board may only be reversed where there has been a clear abuse of discretion or where new facts varying from those accepted by the Board are found by the common pleas court. *Darlene Bar, Inc. v. Pennsylvania Liquor Control Board*, 51 Pa. Commonwealth Ct. 274, 414 A.2d 721 (1980).

From the outset, it is clear that this case is easily disposed of by reliance upon Section 404 of the Liquor Code, 47 P.S. §4-404. Section 404 provides in pertinent part:

> That in the case of . . . the transfer of any license to a new location the board may, in its discretion, grant or refuse such . . . transfer if such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school or public playground, or if such . . . transfer is applied for a place which is within two hundred feet of any other premises which is licensed by the board, . . .

Section 404 allows the Board in its discretion to refuse the transfer of a license to a new location if the proposed site is within three hundred feet of any church or if the site is within two hundred feet of any other premises licensed by the Board. *Byer v. Pennsylvania Liquor Control Board*, 73 Pa. Commonwealth Ct. 336, 457 A.2d 1344 (1983). The law is clear that the fact that the premises proposed to be licensed are located within

two hundred feet of another licensed establishment or within three hundred feet of one of the other enumerated institutions is sufficient basis, *in and of itself,* for the refusal of a transfer application by the Board. *Id.* at 338, 457 A.2d at 1346. The Board is not required to explain how the proposed site differed from those establishments in the area which had been granted licenses despite their proximity to other licensed premises or the institutions listed in Section 404. *Appeal of Suburban Democrat Club,* 73 Pa. Commonwealth Ct. 522, 458 A.2d 670 (1983); *Chiavoroli Liquor License Case,* 54 Pa. Commonwealth Ct. 588, 422 A.2d 1195 (1980), *appeal after remand,* 70 Pa. Commonwealth Ct. 1, 452 A.2d 289 (1982).

In this case, the common pleas court reversed the Board despite the fact that the evidence presented at the de novo hearing supported the Board's first two findings. The common pleas court acknowledged this fact in its opinion. Slip op. at 4, R.R. 192a. Since the Board's findings were clearly adequate to support its denial of the transfer application, the common pleas court erred as a matter of law in reversing the Board. *Byer,* 73 Pa. Commonwealth Ct. at 339, 457 A.2d at 1346. Accordingly, we shall reverse the order of the common pleas court and reinstate the order and decision of the Board.

## ORDER

NOW, May 29, 1986, the Order of the Court of Common Pleas of Chester County at Docket No. 316 Misc. 1984, dated July 7, 1984, is hereby reversed and the order of the Pennsylvania Liquor Control Board, dated April 13, 1984, which denied the application for transfer of restaurant liquor license by Emmanuel L. DeMutis, Sr., is hereby reinstated.