532 A.2d 1278

Commonwealth of Pennsylvania, Pennsylvania Liquor Control Board, Appellant *v.* La Cumbia Corporation, Appellee.

Submitted on briefs June 11, 1987, to Judges MAC-PHAIL and BARRY, and Senior Judge BLATT, sitting as a panel of three.

*Faith S. Diehl,* Assistant Counsel, with her, *Kenneth B. Skelly,* Chief Counsel, for appellant.

*Gary F. DiVito, Goldstein, Friedberg, Zaslow & DiVito,* for appellee.

OPINION BY JUDGE BLATT, November 5, 1987:

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) which reversed the Board's denial of an application to transfer a liquor license to La Cumbia Corporation (appellee).

The appellee applied for the transfer of a liquor license to a premises located at 4615-17-19 and 4621 North Fifth Street, Philadelphia, Pennsylvania. The Board, after holding a hearing on the matter,[1] denied the license transfer on the basis of the following findings:

> 1. The proposed licensed premises are located within 200 feet of other establishments licensed by this Board.
>
> 2. The applicant has failed to verify the sources of all funds required to renovate the proposed licensed premises.

---

[1] The evidence presented to the Board included the testimony of a Board Enforcement Officer who testified that two licensed premises were located within two hundred feet of the appellee's premises.

3. The approval of this application would adversely affect the health, welfare, peace and morals of the neighborhood within a radius of 500 feet.

The trial court, on de novo review, accepted into evidence the notes of testimony of the Board hearing and the agreement of counsel that the location of the appellee's premises was within two hundred feet of two other licensed establishments. The trial court, however, granted the license transfer concluding that the character and type of the nearby establishments was completely different from that of the appellee's, that the appellee had supplied verification of the source of all funds required to renovate the premises, and that granting the transfer would not adversely affect the neighborhood within a radius of 500 feet. The Board appealed.

The Board contends that the trial court abused its discretion in granting the license transfer where it found that the appellee's location was within 200 feet of other licensed premises and when that was the precise reason for the Board's *denial* of approval for the transfer. The appellee counters by arguing: 1) that the trial court's finding that the appellee's establishment was of a different character than others located within 200 feet was a materially different finding so as to permit a reversal; 2) that the Board arbitrarily applied the 200 foot requirement so as to deny the appellee's license transfer;[2] and 3) that the Board violated the appellee's

---

[2] Section 404 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. §4-404 pertinently provides:
Provided, however, That in the case of any new license or the transfer of any license to a new location the board may, in its discretion, grant or refuse such new license or transfer if such place proposed to be licensed is within . . . two hundred feet of any other premises which is licensed by the board. . . .

constitutional rights by considering matters not of record.[3]

The trial court, of course, may reverse the Board only where the Board has abused its discretion, and the trial court may not substitute its findings where the evidence presented to the trial court is not significantly different from that presented to the Board. *Pennsylvania Liquor Control Board v. Weiner,* 101 Pa. Commonwealth Ct. 235, 516 A.2d 79 (1986). In addition, our scope of review is limited to determining whether or not there is substantial evidence to support the trial court's findings, and whether or not it committed an error of law or abused its discretion. *In Re 23rd St., Inc.,* 102 Pa. Commonwealth Ct. 224, 517 A.2d 581 (1986).

Preliminarily, we note that a Board finding that an establishment is within 200 feet of any other licensed premises is sufficient basis, in and of itself, for the Board to refuse a transfer application. *Pennsylvania Liquor Control Board v. DeMutis,* 97 Pa. Commonwealth Ct. 507, 510 A.2d 154 (1986). Moreover, "[t]he Board is not required to explain how the proposed site differed from those establishments in the area which had been granted licenses despite their proximity to other licensed premises" in order to show that it was not acting in a biased manner. *See Id.* at 511, 510 A.2d at 156. Accordingly, we can find no abuse of discretion by the Board in denying the appellee's license, when its location was within 200 feet of other licensed premises.

We note, however, that the trial court reversed the Board on this issue solely because it found, with regard to the two other licensed premises, that "one is a club

---

[3] The evidence allegedly considered by the Board in denying the license transfer consisted of letters from Philadelphia politicians expressing their opposition to the transfer. The appellee contends that he obtained this information for the first time via a subpoena sent to the Board after the transfer was denied.

license . . . and the other is a neighborhood bar. The character and type of these establishments is completely different than that of the proposed restaurant in the instant case." Neither this Court nor the trial court, however, can restrict the wording of Section 404 of the Code to apply only to licensed premises of the same class. *Bilinsky v. Pennsylvania Liquor Control Board*, 7 Pa. Commonwealth Ct. 312, 298 A.2d 698 (1972). We believe, therefore, that the trial court erred in substituting its discretion for that of the Board. And, inasmuch as the Board's finding concerning the 200 foot restriction of Section 404 of the Code was in and of itself a sufficient basis to deny the licensed transfer, we need not consider the Board's other reasons for the denial because "even where a court discovers that several of the findings of the Board were erroneous, it may not substitute its judgment for that of the Board so long as grounds remain that would have supported the Board's decision." *Hill Liquor License Case*, 36 Pa. Commonwealth Ct. 604, 606, 388 A.2d 791, 792-93 (1978). Such grounds were clearly present here because of the Board's finding that the appellee's establishment was within 200 feet of other licensed establishments.

Although the trial court here erred in substituting its discretion for that of the Board, we note that the appellee contends that the Board also erred in considering non-record evidence without the appellee being informed of it or having the right to confrontation. The appellee contends, therefore, that the Board violated its constitutional rights to procedural due process and a fair hearing. In support of this contention, the appellee cites *Soja v. Pennsylvania State Police*, 500 Pa. 188, 455 A.2d 613 (1982). We note, however, that, although the petitioner contends that it learned of the alleged evidence considered outside the record after the Board had rendered its decision, this issue was not raised before the

trial court. Accordingly, the appellee has waived it. *See Dunk v. Manufacturers Light and Heat Co.,* 52 Pa. Commonwealth Ct. 85, 415 A.2d 919 (1980). Moreover, even if this information was not obtained in time to raise it before the trial court,[4] our review of the record gives no indication as to the content of the alleged letters nor as to the extent of the Board's knowledge of those letters. Accordingly, the appellee has provided insufficient information to allow us to review this issue.

We will, therefore, reverse the order of the trial court and reinstate the Board's order.

ORDER

AND NOW, this 5th day of November, 1987, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is reversed.

---

[4] The appellee does not state the date on which it received this information; rather, it merely states that it learned of the alleged evidence after the Board rendered its decision.