580 A.2d 917

COMMONWEALTH of Pennsylvania, PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant,

v.

CHINESE GOURMET, INC., Appellee.

Commonwealth Court of Pennsylvania.

Argued June 12, 1990.

Decided Sept. 27, 1990.

Kenneth W. Makowski, Asst. Counsel, with him, Eileen S. Maunus, Acting Chief Counsel, and Francis X. O'Brien, Jr., Chief Counsel, for appellant.

Roslyn M. Litman, with her, Martha S. Helmreich, Litman, Litman, Harris, Brown and Watzman, Pittsburgh, for appellee.

Before DOYLE and COLINS (P.), JJ., and BARRY, Senior Judge.

DOYLE, Judge.

The Pennsylvania Liquor Control Board (Board) appeals an order of the Court of Common Pleas of Allegheny County vacating the Board's refusal of Chinese Gourmet, Inc.'s application for a person-to-person and place-to-place transfer of a distributor license pursuant to Section 468 of the Liquor Code, 47 P.S. § 4–468.[1] The trial court's order is reversed and the decision of the Board is reinstated.[2]

The issues presented are two:

(1) Whether or not the trial court exceeded its scope of review, and;

(2) Whether it was a manifest abuse of discretion when the Board denied a license to a corporation because its sole principal, Robert Trone, had been the sole principal of another corporate licensee when violations of the Liquor Code were committed which resulted in the revocation of that other license by the Board.

We find that the trial court did not exceed its scope of review, but that the Board did not abuse its administrative

1. Act of April 12, 1951, P.L. 90 (Liquor Code), *as amended,* 47 P.S. §§ 1–101 to 8–803.

2. This review encompasses two companion cases. No. 2576 C.D.1988 and No. 1577 C.D.1988 which were heard together by the court below and which we have consolidated in the interest of judicial economy.

discretion when it refused to transfer the license to Chinese Gourmet, Inc.

The order of the common pleas court which is under review,[3] dated September 30, 1988, (a) vacated a Board order of April 11, 1988, (b) quashed a Supplemental Appeal of Chinese Gourmet, Inc. and (c) vacated the oral decision of the Board rendered on January 27 and its written opinion of February 25, 1988, with directions to "proceed in accordance with the opinion filed" by the Court.

It is the third part of this order, which directed the Board to "proceed in accordance with the opinion filed," that is the subject of this review. The trial court opined that the Board had "overreached its authority" by denying the application on grounds not stated in the statute. The Board argues that it properly exercised its discretion and further argues that the court exceeded its scope of review.

■ The scope of review of a trial court in a license transfer case, as distinguished from a license revocation case, is limited to an inquiry as to whether the Board abused its discretion, unless evidence is presented to the court which is different from that which was before the Board, and the court makes different findings accordingly. *Byer Liquor License Case*, 73 Pa.Commonwealth Ct. 336, 457 A.2d 1344 (1983). Apparently, there was some confusion following the Supreme Court's decision in *Adair v. Pennsylvania Liquor Control Board*, 519 Pa. 103, 546 A.2d 19 (1988), as to the common pleas court's scope of review in a liquor transfer case. This Court addressed the issue in *Beach Lake United Methodist Church v. Pennsylvania Liquor Control Board*, 126 Pa.Commonwealth Ct. 71, 558 A.2d 611 (1989), and held that the trial court's scope of review in a license transfer case under the Liquor Code is unaffected by *Adair*. (*Adair* was a license *revocation* case and *Beach Lake* resolved the question of whether the broad discretion given to trial courts in revocation cases would

---

**3.** Both parties agree that a supplemental order of the Court, dated October 31, 1988, was issued after the appeal was filed and is, therefore, null and void and not a subject of review.

apply to transfer cases as well.) The scope of review in a transfer case remains as set out in *Byer*.

In the present case we assume that the court, in effect, reversed the decision of the Board on the basis of an abuse of discretion even though the court expressed the grounds for reversal as the Board "overreach[ing] its authority."

Upon our review of that decision by the Board, we find that the Board did not abuse its discretion when it refused to transfer the license, but acted within the ambit of authority afforded by the statute. The reason given by the Board for the refusal was as follows:

> The Board is not satisfied that Robert Trone, sole principal and manager, is qualified to be an officer, stockholder and manager of a corporation licensed by this Board, particularly by reason of the Board's issuance of Citation No. 86–2576 against Importing Distributor License ID–2572 while he was the sole principal, which citation resulted in the Board's order dated June 11, 1987 for revocation of said license effective July 17, 1987

On appeal, the trial court found that these grounds for refusal were not authorized by the statute as a matter of law. To the contrary, we find that the Board did no more than its duty under the statute when it refused to transfer the license to Chinese Gourmet, Inc. because Section 468 of the Code forbids the transfer of a license to a corporation or person who "would not have been eligible to receive the license originally."

Section 437 of the Code, 47 P.S. § 4–437, controls to whom an original license may issue and provides that the Board shall issue a distributor license to any "reputable individuals ... [or] corporation whose members or officers and directors are reputable individuals." The Board, in its proper discretion, found that Robert Trone, was not reputable for purposes of the issuance of a liquor license, and that therefore Chinese Gourmet, Inc. did not qualify for a transfer of the license. He was not reputable because he was the sole responsible, natural person of Beer and Pop War-

ehouse, Inc., an importing distributor licensee, when those violations were committed.

The common pleas court cited two cases for the proposition that the Board does not have the power to deny a license application on the basis of grounds not stated in the statute; *Obradovich Liquor License Case,* 386 Pa. 342, 126 A.2d 435 (1956), and *Appeal of Makro,* 76 Pa.Commonwealth Ct. 385, 464 A.2d 608 (1983). In *Obradovich* the Supreme Court enunciated the policy that a license may not be refused on grounds not embraced by the statute and that if a person or corporation would qualify under the statute for the grant of an original license, he or it should qualify for a transfer. *Obradovich* did not diminish the right of the Board to exercise its discretion as to who should be the recipient of a liquor license but rather directed the Board to exercise that discretion. The court stated:

> In the initial grant of a license the only matters to be considered are the fitness of the applicant ... and the transferee must be a person who would have been eligible to receive the license originally.

386 Pa. at 344, 126 A.2d at 437. In *Obradovich* the discretion *not* granted to the Board was the discretion to listen to general opposition of neighbors over such concerns as the fear of changing the quiet character of the neighborhood.

*Makro* was a Commonwealth Court case which cited two other cases as standing for the proposition that the Board may not refuse a license on grounds that are not found in the statute: *Pittaulis Liquor License Case,* 444 Pa. 243, 282 A.2d 388 (1971) (where the property was under a lease restriction that disallowed the sale of liquor), and *Pennsylvania Liquor Control Board v. Court House Motor Inn,* 13 Pa.Commonwealth Ct. 164, 318 A.2d 383 (1974) (where the property was under a deed restriction that disallowed the sale of liquor). In *Pittaulis,* this Court stated the reasons why a literal interpretation of the Liquor Code is expected when the Board is called on to resolve collateral issues such as deed and lease restrictions on real property.

We can perceive no reason to retreat from or otherwise qualify our literal reading of the Liquor Code which we adopted in *Obradovich*, supra. The Liquor Control Board was designed and established to regulate the sale of liquor throughout the Commonwealth, not to adjudicate collateral issues involving rights and interests in real property. Indeed, the members of the Board are not even necessarily trained in the law. A court of law or equity rather than licensing proceedings before an administrative tribunal is the proper forum for resolving such issues involving competing claims to real property.

444 Pa. at 249, 282 A.2d at 390. That principle does not apply to the issue presented to the Board in this instance. Cases where the property of the applicant for a license is under a lease or deed restriction, or, as in *Makro* where the property was subject to a municipal zoning restriction, are not applicable here where the issue before the Board was the reputation and character of the principal owner and manager of the applicant licensee. The focus here is whether Section 468 and Section 437 of the Code confer on the Board the discretion necessary to decide the fitness of an applicant for a transfer of a liquor license. We hold that they do and we reverse the order of the Court of Common Pleas of Allegheny County.

## ORDER

NOW, September 27, 1990, the order of the Court of Common Pleas of Allegheny County in the above-captioned matter is reversed and the decision of the Board is reinstated.