620 A.2d 1096

**In re CHINESE GOURMET, INC., Appellant,**

**v.**

**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellee.**

Supreme Court of Pennsylvania.

Argued Sept. 25, 1992.

Decided Feb. 17, 1993.

Roslyn M. Litman, Martha S. Helmreich, Litman, Litman, Harris, Brown & Watzman, P.C., Pittsburgh, for appellant.

Francis X. O'Brien, Kenneth E. Makowski, Pennsylvania Liquor Control Bd., Eileen S. Mannus, Conshohocken, for appellee.

Before NIX, C.J., and LARSEN, FLAHERTY, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

This is an appeal from the order of Commonwealth Court, 135 Pa.Cmwlth. 303, 580 A.2d 917, reversing the order of the Court of Common Pleas of Allegheny County, which had reversed the Pennsylvania Liquor Control Board's order denying an application for a double transfer (person to person and place to place) of a beer distributor's license.

The applicant in this case is Chinese Gourmet, Inc., a Pennsylvania Corporation, whose sole shareholder was one Robert Trone. Chinese Gourmet applied for a person to person and place to place transfer of a beer distributor's license pursuant to Section 468 of the Liquor Code, 47 P.S.

§ 4–468, which provides that the Liquor Control Board (hereafter, the board or PLCB) must approve all such transfers.

In July, 1987, PLCB conducted a hearing on Chinese Gourmet's application, and on August 17, 1987, the board denied the application. Chinese Gourmet appealed, and the Court of Common Pleas of Allegheny County—Civil Division remanded the case to PLCB for reconsideration of its findings. The board, upon reconsideration, sustained its original denial of the transfer. The one finding relied upon by the board after reconsideration to sustain its denial of the application for transfer is as follows:

> The Board is not satisfied that Robert Trone, sole principal and manager, is qualified to be an officer, stockholder and manager of a corporation licensed by this Board, particularly by reason of the Board's issuance of Citation No. 86–2576 against Importing Distributor License ID–2572 while he was the sole principal, which citation resulted in the Board's Order dated June 11, 1987 for revocation of said license effective July 17, 1987.

Chinese Gourmet again appealed and the common pleas court vacated the board's order and directed the board to grant the transfer. The board appealed and Commonwealth Court reversed. Chinese Gourmet then petitioned for allowance of appeal and we granted allocatur.

The trial court reversed the board essentially because the board had denied the application for transfer for a reason not specified in the Liquor Code, its enabling statute. The board, according to the trial court, overreached its authority.

■ Commonwealth Court disregarded the trial court's statement of reasons for its decision and, instead, "assumed" that the trial court reversed the board because the board abused its discretion.[1] Commonwealth Court then determined

1. It is apparent that Commonwealth Court restated the basis for the trial court's decision because it believed that the trial court had no authority to reverse the PLCB on the grounds that it overreached its authority. Commonwealth Court's statement of the trial court's scope of review in a transfer of license case is based on *Byer Liquor License Case,* 73 Pa.Cmwlth. 336, 457 A.2d 1344 (1983), which held that the

that the board had not abused its discretion "when it refused to transfer the license to Chinese Gourmet, Inc. because Section 468 of the Code forbids the transfer of a license to a corporation or person who 'would not have been eligible to receive the license originally'." Section 431 of the Code provides that the board may issue an original license to any "reputable person." 47 P.S. § 4–431.[2] Commonwealth Court then stated:

> The Board, in its proper discretion, found that Robert Trone, [sic] was not reputable for purposes of the issuance of a liquor license, and that therefore Chinese Gourmet, Inc. did not qualify for a transfer of the license. He was not reputable because he was the sole responsible, natural person of Beer and Pop Warehouse, Inc., an importing distributor licensee, when those violations were committed.

Commonwealth Court Op. at 306–307, 580 A.2d 917.

■ Chinese Gourmet's primary assertion of error is that it was an error of law for the board to exercise discretion without any statutory basis. We agree.

In *In re Obradovich Appeal,* 386 Pa. 342, 126 A.2d 435 (1956), this court held that the board may not refuse a license "on grounds not embraced in the statute," and that "the discretion of the Board in approving or disapproving the transfer of a license is no greater than its discretion in approving or disapproving the original issuance of a license." Section 437(c) of the Code states that "licenses shall be granted by the board only to reputable individuals, or to ...

trial court's standard of review is whether the board committed an abuse of discretion or whether significant de novo facts varying from those accepted by the board were presented to the court and the court made different findings accordingly. It is axiomatic, however, that when an administrative agency acts without statutory authority, a reviewing court may reverse on that grounds as well.

**2.** Section 437(c) also provides:

(c) Licenses shall be granted by the board only to reputable individuals, or to associations, partnerships and corporations whose members or officers and directors are reputable individuals.
47 P.S. § 4–437(c).

corporations whose ... officers and directors are reputable individuals." 47 P.S. 4–437(c).

It is plain that the board did not, contrary to the determination of Commonwealth Court, make any finding as to Robert Trone's reputation. The board stated only that it was "not satisfied" that Robert Trone "is qualified to be an officer ... of a corporation licensed by this Board." Even if this statement is regarded as a finding, it is certainly not a finding that Robert Trone is not a reputable individual, as would be required for denial of the application pursuant to Section 4–437(c), above.[3]

The nub of the case is that the findings of the board do not constitute statutory reasons for a denial of the application for transfer. The board makes reference to no statutory authority for its denial of the application for transfer. As Judge Penkower stated:

**3.** Although neither lower court makes reference to Section 436(g) of the Liquor Code, that section does provide that a corporate applicant for a distributor's license must state whether any officer or director of the corporation has had a license for the sale of malt or brewed beverages revoked within the preceding three years. 47 P.S. § 4–436(g). However, this section does not specify that if such a revocation of license occurred, it is a ground for denial of transfer.

The Board argues that Section 4–471 is a ground for denial of the application for transfer. That section provides, in pertinent part:

Any licensee whose license is revoked shall be ineligible to have a license under this act until the expiration of three years from the date such license was revoked. In the event a license is revoked, no license shall be granted for the premises or transferred to the premises in which the said license was conducted for a period of at least one year after the date of the review of the licensee's conduct in the said premises, except in cases where the licensee or a member of his immediate family is not the owner of the premises, in which case the board may, in its discretion, issue or transfer a license within the said year.

The board argues that Section 4–471 removes power from the board to transfer a license to a person whose license was revoked for a "prohibited period." Brief at 26.

We disagree. *Obradovich* held that the board has no greater discretion in approving or disapproving a transfer of a license than it has in approving or disapproving the grant of a license, and the grant of a license, basically, is available to persons who are "reputable individuals." 47 P.S. § 4–437(c).

If the Board refused Chinese Gourmet, Inc.'s license application because of the provisions of Section 4–431 of the Liquor Code, it should so specify and explain. If the Board's decision was predicated on Section 4–437 of the Liquor Code, the Board should similarly specify and explain. The Court's decision vacating the Board's decision and directing the Board to reconsider will give the Board the opportunity to articulate a decision that is based in law and is intelligible for the purposes of review.

Court of Common Pleas Slip Op. at 3, Supplemental Op. August 4, 1989. The board's failure to specify the statutory authority for its action is inexcusable, and as a result of the board's failure to state the authority for its denial of the application, judicial review of the board's action, as noted by Judge Penkower, has become difficult and protracted. This case has been appealed twice and remanded to the board once and now requires the attention of this court to resolve a matter that should have ended with the board itself.

If the evidence before the board indicated that Mr. Trone was not reputable, then the board should have made that finding and denied the application on that ground.[4] If the board, on the other hand, wished to deny the application because Mr. Trone was involved in another enterprise whose license had been suspended, then the board should suggest to the General Assembly that the Liquor Code be amended to include that reason for denial of transfer. Without such amendment, however, neither this court nor the board is authorized to create reasons for denial of transfer which the legislature has chosen to omit. We agree with Chinese Gourmet's summary of the Board's action:

The Board arrogated to itself a general discretionary power it did not possess—first by invoking a "be satisfied" stan-

---

**4.** We reject Chinese Gourmet's argument that Mr. Trone should necessarily be insulated from the effects of the revocation of his other license because the entity whose license was revoked was a corporation, and Mr. Trone did not personally act so as to incur the revocation of the license. If the facts of that revocation support a finding that Mr. Trone is not reputable, and that finding were in fact made, then the transfer would have been properly denied.

dard not to be found in any of the relevant provisions of the Code and second by inventing a ground for refusal of an application likewise not "embraced in the statute."

Brief for Chinese Gourmet at 15.

Order of Commonwealth Court is reversed. The case is remanded to the Liquor Control Board with direction to approve the application of Chinese Gourmet, Inc. for transfer of license.[5]

**5.** Because of our disposition of the case, we do not reach the other claims of Chinese Gourmet, that the Board's decision violates the constitutional principle that the actions of an administrative board must be conferred by clear and unmistakable legislative language; and that if the board's statement of reason for its decision is to be taken as a finding of fact, there is no support in the record for that finding.