**FERNDALE AREA SCHOOL DISTRICT, Petitioner,**

v.

**DEPARTMENT OF EDUCATION, Respondent.**

Commonwealth Court of Pennsylvania.

Argued Nov. 13, 1995.

Decided Dec. 12, 1995.

David J. Novak, for petitioner.

Daniel J. Myers, for respondent.

Before SMITH, J., FRIEDMAN, (P.) Judge, and SILVESTRI, S.J.

SILVESTRI, Senior Judge.

Ferndale Area School District (District) appeals from an order of the Secretary of Education (Secretary) granting the Department of Education, Division of School Facilities' (Division) motion to dismiss as untimely its appeal from a letter issued by Bradford J. Furey (Furey), Chief of Division.

The facts are as follows. Sometime prior to October of 1979, District, pursuant to Subpart F of Article XXV, Sections 2571–2580, of the Public School Code of 1949,[1] applied to Division for approval and reimbursement of a lease it sought to enter for the use of a school building and for improvements to its elementary school.[2] Ferndale's application was approved by Division at a temporary reimbursement rate of 53%.[3]

By letter dated March 17, 1992, Furey wrote to Robert Bantly, Board Secretary of District, stating that Division had completed review of the final cost data for District's construction project. At the head of the letter, the reimbursable percentage was noted as follows: "Reimbursable Percentage: 60.29% (Final)." Furey explained that adjustments would be made on past and future

---

**1.** Act of March 10, 1949, P.L. 30, *as amended,* 24 P.S. §§ 25–2571–25–2580.

**2.** Sections 2571–2580, 24 P.S. §§ 25–2571–25–2580, of the Public School Code of 1949 generally provide that school districts are entitled to reimbursement from the State for some portion of the costs incurred for the construction of or rental of school buildings or educational equipment. The Sections also provide formulas for

calculating the State's percentage of reimbursement.

**3.** Because a "permanent" reimbursement rate cannot be determined by Division until a construction project is completed and final costs have been determined, Division calculates a "temporary" reimbursement rate until the necessary information is provided.

reimbursement payments "as are necessary to resolve the difference between the temporary and final percentages." Having taken no appeal from the foregoing determination, District began receiving reimbursements based upon the 60.29% calculation.

Seventeen months after Furey sent District the foregoing letter and without prior notification, Furey sent a letter dated August 26, 1993 to District explaining that the permanent reimbursable rate calculated to be 60.29%, as set forth in his previous correspondence, was in error and that the percentage should instead be 58.03%. Furey then stated that according to this miscalculation, District had been overpaid $49,452.76, which Division needed to recover.

Thereafter, by letter dated October 22, 1993, District's solicitor wrote to Furey noting District's exception to Furey's August 26, 1993 letter. Specifically, he asserted that Division lacked authority to amend its original correspondence of March 17, 1992 and that because District did not appeal therefrom, said "decision" was final.

Furey responded to the foregoing letter by correspondence dated December 14, 1993, wherein he reiterated that the permanent reimbursement rate should be 58.03%. District responded by letter dated December 22, 1993, incorporating the objections made in District's solicitor's October 22, 1993 letter, and requesting that a meeting be set up between District and Division to resolve the matter.

Furey responded on March 29, 1994, stating again that the permanent reimbursement rate should be 58.03% and that, moreover, because District has continued to receive reimbursement at the higher, incorrectly calculated, rate of 60.29%, District had received overpayments totalling $54,624.98. Furey noted that he was directing the Comptroller's Office to recover the overpaid amount and that his letter constituted a final determination in the matter.

On April 25, 1994, District appealed to the Secretary of Education, noting its disagreement with Furey's March 29, 1994 letter and again reiterating that Division lacked authority to amend its original correspondence of March 17, 1992 and that because District did not appeal therefrom that "decision" became final. Thereafter, Division filed a motion to dismiss District's appeal as untimely asserting that District had ten (10) days to file an appeal from Furey's March 29, 1994 letter pursuant to 1 Pa.Code § 35.20, but failed to do. 1 Pa.Code § 35.20 provides:

Actions taken by a subordinate officer under authority delegated by the agency head may be appealed to the agency head by filing a petition within 10 days after service of notice of the action.

By order dated December 23, 1994, the Secretary granted Division's motion and dismissed District's appeal. District then appealed to this Court.

▪ District argues that the Secretary erred in dismissing its appeal because Furey lacked authority to amend his original, March 17, 1992 determination, which, District maintains, became final when it did not file an appeal therefrom. We agree.[4]

Initially, and again, we note that District, upon receiving Furey's original March 17, 1992 letter, calculating the final reimbursable percentage to be 60.29%, did not question this figure and, accordingly, did not take an appeal therefrom. Moreover, District began receiving reimbursement based on this figure thereafter. Furey then, seventeen months later and without prior notification, recalculated his previous determination and stated that District was required to reimburse Division according to his recalculation. The question then becomes, by what authority did Furey amend his previous calculation.

▪ Our review of the briefs submitted by the parties, as well as our independent research, and the specific questioning of counsel on the subject at oral argument, has failed to reveal any statutory, regulatory or judicial authority for Furey's amendment of his original March 17, 1992 letter wherein he calculated the final reimbursable percentage

4. We note that District raises a number of other arguments on appeal; however, because of our disposition herein, we need not address those issues.

to be 60.29%.[5]  It is axiomatic, that where, as here, an administrative agency acts without statutory authority, a reviewing court may reverse on this basis.  *See Chinese Gourmet v. Liquor Control Board,* 533 Pa. 129, 132 n. 1, 620 A.2d 1096, 1097 n. 1 (1993).

Because Furey lacked authority to amend the original, March 17, 1992 determination, said determination became final within ten days thereafter by reason of an absence of an appeal therefrom by District.  Although Division could not appeal its own determination, Division could have corrected its determination prior to it becoming final by revoking it and recalculating.  In failing to do so prior to the determination becoming final Division was without authority and is now precluded from modifying the order which has become final.

Accordingly, since the March 17, 1992 order was a final order, we will vacate the order of the Secretary of Education dated December 23, 1994.

### ORDER

AND NOW, this 12th day of December, 1995, the order of the Secretary of Education dated December 23, 1994 is vacated.

---

**5.**  Interestingly, we note that Division attempts to bootstrap the validity of Furey's recalculation, not on the basis of any authority, but strictly upon the basis of the limitations period.