MAG ENTERPRISES INC.

v.

**PENNSYLVANIA LIQUOR CONTROL BOARD, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 10, 2002.

Decided Sept. 6, 2002.

Robin Coward, Plymouth Meeting, for appellant.

Kevin E. Raphael, Philadelphia, for appellee.

BEFORE: COLINS, President Judge, COHN, Judge, and MIRARCHI, JR., Senior Judge.

OPINION BY Senior Judge MIRARCHI.

The Pennsylvania Liquor Control Board (Board) appeals from an order of the Court of Common Pleas of Philadelphia County (trial court) which reversed the decision of the Board denying the application of Mag Enterprises Inc. (Appellee) for a liquor license extension. We affirm.

■ Appellee currently holds a restaurant liquor license for premises located at 2740 South Front Street, Philadelphia, Pennsylvania, where Appellee runs a gentleman's club. Appellee seeks to extend its current license to cover three inside areas including a serving area and two storage/office areas in order to create a new, high-end serving area at which patrons can have lunch or dinner with the entertainers who dance at the establishment. After a hearing at which both the Board and Appellee presented evidence, the hearing examiner recommended that Appellee's application be approved. The Board, thereafter, decided not to accept the recommendation of the hearing examiner and denied the application for the license extension. Appellee appealed, and a *de novo* hearing was held before the trial court. The trial court reversed the Board's decision and granted the requested license extension. This appeal followed.[1]

■ The trial court held that the license extension should have been approved because Appellee's application met all of the statutory provisions under Section 404 of the Liquor Code (Code), Act of April 12, 1951, P.L. 90, *as amended,* 47 P.S. § 4-404,[2] which provides in pertinent part:

Upon receipt of the application and the proper fees, and upon being satisfied ... that the applicant is the only person in any manner pecuniarily interested in the business ... that the applicant is a person of good repute, [and] that the premises applied for meet all the requirements of this act and the regulations of the board ... the board *shall,* in the case of a hotel or restaurant, grant

---

1. This Court's scope of review of a trial court's determination in a liquor license case is whether the trial court committed an error of law or an abuse of discretion, or made findings of fact that were unsupported by the record. *Altshuler v. Pennsylvania Liquor Control Board,* 729 A.2d 1272 (Pa.Cmwlth.1999).

2. Although Section 404 of the Code does not specifically address extensions of liquor licenses, license extensions are recognized to be within the purview of that section. *Ulana v. Pennsylvania Liquor Control Board,* 86 Pa. Cmwlth. 345, 484 A.2d 859 (1984); *Latrobe Country Club v. Pennsylvania Liquor Control Board,* 31 Pa.Cmwlth. 265, 375 A.2d 1360 (1977).

and issue to the applicant a liquor license [extension].... In the case of any [extension] the board may, in its discretion, grant or refuse such ... [extension] *if* such place proposed to be licensed is within three hundred feet of any church, hospital, charitable institution, school or public playground, or *if* such ... [extension] is applied for a place which is within two hundred feet of any other premises which is licensed by the board.... [T]he board shall refuse any application for ... [extension] *if*, in the board's opinion, such ... [extension] would be detrimental to the welfare, health, peace and morals of the inhabitants of the neighborhood within a radius of five hundred feet of the place proposed to be licensed .... The board shall refuse any application for ... [extension] to a location where the sale of liquid fuels or oil is conducted. (Emphasis added).

Both parties stipulated to the following before the trial court: (1) Appellee's extension application satisfies Section 403 of the Code, 47 P.S. § 4–403, applicable to hotel, restaurant and club liquor licenses and extensions applications; (2) Appellee's premises are not within 300 feet of any church, hospital, charitable institution, school or public playground; (3) Appellee's premises are not within 200 feet of any other premises licensed by the Board; (4) Appellee's business is not detrimental to the welfare, health, peace or morals of the inhabitants of the neighborhood within 500 feet; (5) at the time of the hearing before the Board, the officers of Appellee had not been convicted of a felony within the past five years; (6) Appellee does not sell liquid fuels or oils; and (7) there were no protests against Appellee's application for license extension. Parties' Stipulations dat-

ed October 11, 2001, R.R., pp. 108a–109a. The trial court concluded that the license extension should be granted based on the parties' stipulations, which satisfied all requirements of Section 404 of the Code. *Chinese Gourmet v. Pennsylvania Liquor Control Board,* 533 Pa. 129, 620 A.2d 1096 (1993).

On appeal to this Court, the Board argues that as required by Section 404, in addition to satisfying the statutory requirements of the Code, "the premises applied for [must also] meet all the ... *regulations of the board.*" (Emphasis added). The Board argues that it appropriately denied Appellee's application because the extension sought violated the Board's regulations at 40 Pa.Code § 3.52. Further, the Board argues that the determination of whether to grant or deny an application for license extension rests within its discretion pursuant to 40 Pa.Code § 7.24.[3] We disagree with both of these arguments.

The regulation at 40 Pa.Code § 3.52 provides:

(a) A licensee may not permit other persons to operate another business on the licensed premises.

(b) Licensed premises may not have an inside passage or communication to or with any business conducted by the licensee or other persons except as approved by the Board.

(c) A licensee may not conduct another business on the licensed premises without Board approval.

The Board argues that because, according to Appellee's testimony, the entertainers who perform at Appellee's establishment are independent contractors, they constitute "another business" which is a violation of the Board's regulations and

---

**3.** Section 7.24 reads: "The Board may, in its discretion, refuse to extend a license issued. In all these cases the filing fee will be retained by the Board."

grounds for denial of the license extension under 40 Pa.Code. § 3.52(a).[4] However, assuming *arguendo* that the entertainers who work in Appellee's establishment are independent contractors, as opposed to employees, this does not make them *ipso facto* "another business." In this case, the entertainers are part and parcel to Appellee's business of running a gentleman's club. As such, the Board's argument that the dancers constitute a separate business is without merit.

The Board's second argument is that it may, in its discretion, refuse to extend a license under 40 Pa.Code § 7.24. However, the Board's discretion is not unfettered. "[I]f in reaching a conclusion ... the judgment exercised is manifestly unreasonable ... discretion is abused." *Arrington v. Pennsylvania Liquor Control Board*, 667 A.2d 439 (Pa.Cmwlth.1995). In exercising its discretion in this case, the Board failed to set forth any legitimate reason justifying its decision. Moreover, the Board, itself, stipulated that Appellee met all of the requirements set forth in Section 404, which controls license extensions. A refusal without justification under these circumstances is manifestly unreasonable and therefore constitutes an abuse of the Board's discretion.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 6th day of September, 2002, the order of the Court of Common Pleas of Philadelphia County in the above-captioned matter is hearby affirmed.

---

**4.** Appellee testified that the entertainers in its establishment are independent contractors who collect their fees in the form of tips directly from Appellee's patrons. Testimony of Mr. John Meehan, Notes of Testimony, p. 30, Reproduced Record (R.R.), p. 26a.